SECOND DIVISION
October 17, 2006

No. 1-04-1392

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| JOE FORD, | ) | Honorable |
| | ) | Catherine M. Haberkorn, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE SOUTH delivered the opinion of the court:

Defendant Joe Ford entered a negotiated plea of guilty to a charge of retail theft and was sentenced to one year of probation. The trial court subsequently found that defendant had violated his probation and sentenced him to five years' imprisonment. On appeal from that judgment, defendant contends for the first time that the trial court's failure to admonish him pursuant to Supreme Court Rule 605(b) (188 Ill. 2d R. 605(b)) when he entered his guilty plea requires that his cause be remanded. He also contends that the trial court improperly ignored his *pro se* claims of ineffective assistance of counsel, sentenced him to an excessive term of five years' imprisonment, and failed to admonish him pursuant to Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001) R. 605(a), eff. October 1, 2001) following the imposition of

that sentence.

On February 19, 2003, defendant entered a negotiated plea of guilty to a charge of retail theft, a Class 3 felony.  The charge stemmed from an incident that occurred about 3:40 p.m. on January 5, 2002.  The State provided a factual basis for the plea which showed that defendant took three pairs of sunglasses from the Nieman Marcus store on North Michigan Avenue in Chicago and walked past the last cashier without paying for them.  The circuit court sentenced defendant to one year of probation and admonished him as follows:

"You have a right to appeal.  If you feel I've been wrong or unfair in my decision today, you have a right to appeal that.  If you cannot afford a lawyer, I'll appoint one for your [*sic*].  If you need a copy of a transcript, I'll get that to you, also.  Once thirty days passes by, you waive your rights to appeal.  You must motion the case back up before me within the next thirty days and give me some grounds why you wish to do that."

Defendant did not file a motion to withdraw his guilty plea or otherwise attempt to perfect an appeal from the judgment entered on it.

On August 11, 2003, the State was granted leave to file a violation of probation (VOP) petition alleging that defendant had committed the offense of retail theft on August 1, 2003.  The public defender was appointed to represent defendant, and at a

status hearing held on September 5, 2003, defendant stated that he had no confidence in his counsel's ability to represent him, and that his counsel had failed to discuss the alleged probation violation with him. The court opined that his counsel was an excellent attorney and advised him that attorneys are sometimes "reluctant to discuss cases in the lock up." The court also explained that defendant had already been arraigned on the VOP petition which alleged that he had violated his probation by committing the offense of retail theft.

At the status hearing held October 14, 2003, defendant complained about his counsel's "lack of professionalism in conferences," asserted that she had refused to defend him, and requested the appointment of a "*pro bono*" attorney. The court stated that its concern was whether counsel was competent and able to represent defendant, denied his request, and reiterated that counsel was a "very competent, able and extremely experienced attorney." On November 10, 2003, defendant again complained about his counsel's performance and lack of advocacy during the status hearing.

On February 26, 2004, the trial court conducted a hearing on the VOP petition where the parties stipulated that defendant had previously pleaded guilty to felony retail theft in case No. 02 CR 1814 and was sentenced to one year of probation. Obi Uwakwe, a loss prevention investigator at the Saks Fifth Avenue men's store on North Michigan Avenue in Chicago, then testified that about 12:50 p.m. on August 1, 2003, he saw defendant pick up a white Burberry hat, place it in his left pocket, and leave the store. Uwakwe radioed investigator Jeijuan Bouldin, who was located across the street,

and Bouldin and other investigators detained defendant on Michigan Avenue. Uwakwe identified defendant, reached into his left pant pocket, and recovered the white hat defendant had taken from the store. Uwakwe confirmed that the hat was for sale by Sak's Fifth Avenue for $95.

Defendant testified that he walked into the store on the date in question, sprayed on some cologne, and left. He denied removing the hat from the store. The trial court found Uwakwe's testimony credible and sufficient to prove that defendant had violated his probation in case No. 02 CR 1814.

A presentence hearing was held on March 24, 2004. There, defendant orally alleged that counsel would not allow him to talk to her supervisor. Counsel denied this accusation, and the assistant State's Attorney informed the court that she had heard counsel tell defendant to call her supervisor. In the presentence investigation report (PSI), defendant alleged:

> "I was deprived of my due process rights. I didn't
> know what evidence was going to be used against me and I
> have a right to know. There was no fairness. My counsel
> did not provide effective representation."

On April 22, 2004, the trial court conducted a sentencing hearing at which the State presented evidence of defendant's four prior felony convictions. Defense counsel argued in mitigation that Saks Fifth Avenue suffered no financial loss because the hat was returned, and that no one was injured. Counsel also advised the court that

defendant had been gainfully employed and that his wife of four years had passed away. Defendant declined the court's invitation to add anything in allocution.

The court then sentenced defendant to five years' imprisonment for his conviction of retail theft, and admonished him as follows:

> "You have a right to appeal. If you feel that I've been wrong or unfair in the decision of your case today, you have a right to appeal. If you can't afford a lawyer, I'll get one for you. If you can't afford a transcript of the proceedings today, I'll get to that you [*sic*], also. Once thirty days passes by, you waive your rights to appeal."

On appeal, defendant first contends that the circuit court's failure to admonish him in accordance with Rule 605(b) at the time he entered his guilty plea requires that his cause be remanded for proper admonishments. The State initially responds that defendant's failure to file a post-plea motion is a jurisdictional defect which requires the dismissal of this claim. We agree.

Our supreme court recently made clear that "[i]n noncapital cases an appeal is perfected by the timely filing of a notice of appeal, and it is this step which vests the appellate court with jurisdiction." In re J.T., 221 Ill. 2d 338, 346 (2006), citing 188 Ill. 2d R. 606(a). Supreme Court Rule 604(d) provides that in order to appeal from a judgment entered on a guilty plea, defendant is required to file in the circuit court a written motion to withdraw his plea or reconsider his sentence. Official Reports

Advance Sheet No. 4 (February 16, 2005), R. 604(d), eff. February 1, 2005.

In J.T., the supreme court held that where defendant has not filed a timely notice of appeal from the order sentencing him to probation, a written motion to withdraw his plea or reconsider his sentence, or a motion for leave to file late notice of appeal, "the appellate court ha[s] no jurisdiction to consider any issues arising from either his guilty plea or his sentence." J.T., 221 Ill. 2d at 346-47. Consistent with that ruling, we find here that defendant's failure to file any of the aforementioned documents leaves us without jurisdiction to consider whether he received proper admonishments when he entered his guilty plea. Accordingly, we dismiss that claim.

Defendant next contends that his cause should be remanded for inquiry into his allegations of ineffective assistance of counsel during the probation revocation proceedings, pursuant to People v. Krankel, 102 Ill. 2d 181 (1984). The State responds that Krankel does not apply to pretrial proceedings and that the court's consideration of defendant's claims was sufficient. In Krankel, 102 Ill. 2d at 187-89, defendant presented a posttrial motion alleging ineffective assistance of counsel, and the supreme court remanded the matter for a new hearing on defendant's motion with newly appointed counsel. Following Krankel, it has been held that appointment of new counsel is not automatically required when defendant presents such a posttrial motion alleging ineffective assistance of counsel. People v. Moore, 207 Ill. 2d 73, 77 (2003). Rather, the trial court must conduct an adequate inquiry into the factual basis for defendant's claim, and, if it finds the claim to be nonmeritorious or pertaining only to

matters of trial strategy, it may deny the motion without appointing new counsel. People v. Milton, 354 Ill. App. 3d 283, 292 (2004), citing Moore, 207 Ill. 2d at 78.

The operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into defendant's *pro se* allegations. Moore, 207 Ill. 2d at 78. To accomplish this, the trial court may converse with counsel regarding the facts surrounding the allegations or hold a brief discussion with defendant. Milton, 354 Ill. App. 3d at 292. The trial court may also evaluate defendant's claims based on its knowledge of counsel's performance at trial or the insufficiency of defendant's allegations on their face. Milton, 354 Ill. App. 3d at 292. In addition, where the trial court's probe reveals that defendant's claims are "'conclusory, misleading, or legally immaterial' or do 'not bring to the trial court's attention a colorable claim of ineffective assistance of counsel,' the trial court may be excused from further inquiry." People v. Burks, 343 Ill. App. 3d 765, 774 (2003).

Here, unlike Krankel, defendant's allegations were oral, and with the exception of the complaint articulated in the PSI, they occurred prior to the hearing on the VOP petition. Nevertheless, the trial court allowed defendant to present his complaints and responded to them in open court.

The record shows, however, that defendant's allegations were facially insufficient. His stated lack of confidence in VOP counsel and counsel's lack of professionalism were set forth in a general and conclusory manner (People v. Rucker, 346 Ill. App. 3d 873, 883 (2004)), and his claim that counsel refused to meet with him

was contradicted by his further allegation that counsel had been unprofessional during conferences. In addition, defendant's contention that he was unaware of the allegations in the VOP petition and the evidence against him was refuted by the fact that defendant had been previously arraigned on it. His further allegation that counsel refused to let him speak with her supervisor was denied by counsel and contradicted by the prosecutor who heard otherwise. Finally, defendant's allegation that counsel refused to defend him was shown to be spurious given the record of counsel's representation of him at the VOP hearing.

We, thus, find no cause for a remand. Burks, 343 Ill. App. 3d at 777. The record shows that the court considered defendant's allegations of ineffective assistance of counsel as they arose and determined, in essence, that defendant did not bring forth a colorable claim of ineffective assistance of counsel.

In so concluding, we find this case readily distinguishable from Moore, relied upon by defendant. In Moore, 207 Ill. 2d at 76-77, defendant filed two written *pro se* motions asserting the ineffective assistance of his trial counsel and requesting appointment of new counsel. The trial court failed to make any inquiry into the allegations and concluded that his claims could be resolved by the appointment of different counsel on appeal. Moore, 207 Ill. 2d at 79. Here, unlike Moore, we have found that the court adequately addressed defendant's allegations, though oral, and that no further inquiry is required.

Defendant next contends that the sentence imposed by the circuit court was

excessive in light of his particular circumstances and background. The State responds that defendant waived this issue by failing to file a motion to reconsider his sentence. Although waiver limits a party's ability to raise an argument, it does not preclude our jurisdiction to consider it. People v. Benford, 349 Ill. App. 3d 721, 734 (2004). Accordingly, we will address defendant's claim.

In doing so, we afford great deference to the circuit court's sentencing decision and will not substitute our judgment for that of the circuit court merely because we would have weighed the relevant factors differently. People v. Fern, 189 Ill. 2d 48, 53 (1999). Absent an abuse of discretion, a sentence within the appropriate range will be affirmed. People v. Coleman, 166 Ill. 2d 247, 258 (1995).

Here, defendant was convicted of a Class 3 felony which was punishable by two to five years' imprisonment. 730 ILCS 5/5-8-1(a)(6) (West 2004). The record shows that the court was apprised of defendant's employment history, the loss of his wife, and the fact that no person or entity had been physically or financially harmed in the crime. The court was also aware of defendant's four prior felony convictions and sentenced him to the maximum term of five years. This sentence falls within the statutory parameters and, under the circumstances, we find that the sentence does not vary greatly from the spirit and purpose of the law and is not manifestly disproportionate to the nature of the offense. Fern, 189 Ill. 2d at 54. Finding no abuse of discretion, we have no basis for modifying it. People v. Almo, 108 Ill. 2d 54, 70 (1985).

Defendant finally contends that the circuit court failed to properly admonish him

pursuant to Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001) R. 605(a), eff. October 1, 2001) after imposing sentence. He particularly asserts that the circuit court failed to advise him that he was required to file a written motion to reconsider his sentence to avoid waiver of his sentencing claims.

We agree that the circuit court's admonishments were deficient in this regard. However, we find that remand is not required where we have considered defendant's sentencing claim in this appeal, and it is clear that he was not prejudiced or denied real justice as a result of the inadequate admonishments. People v. Henderson, 217 Ill. 2d 449, 466 (2005).

For these reasons, we dismiss defendant's claim regarding Rule 605(b) admonishments and affirm the judgment of the circuit court of Cook County.

Dismissed in part; affirmed in part.

WOLFSON, P.J., and KARNEZIS, J., concur.