No. 2--06--0994      Filed: 1-30-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--CF--1953 |
| ERIC M. PENCE, | ) ) | Honorable George J. Bakalis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the opinion of the court:

Defendant, Eric M. Pence, appeals from his convictions of one count of aggravated criminal sexual abuse and two counts of criminal sexual assault. The issue on appeal is whether the trial court made an appropriate inquiry into defendant's posttrial allegations of ineffective assistance of counsel. For the reasons that follow, we remand.

On June 14, 2006, following a bench trial, defendant was found guilty of one count of aggravated criminal sexual abuse (720 ILCS 5/12--16(c)(1)(i) (West 2006)) and two counts of criminal sexual assault (720 ILCS 5/12--13(a)(4) (West 2006)).

Prior to the sentencing hearing, on September 15, 2006, the parties appeared before the court. Defense counsel informed the court that defendant had filed a complaint against him with the Attorney Registration and Disciplinary Commission (ARDC) and that defendant had refused to

disclose to defense counsel the contents of the complaint. Thereafter, the following colloquy occurred between the court and defendant:

"THE COURT: [Defendant], tell me what's going on.

DEFENDANT PENCE: Your Honor, with all due respect, I don't understand why this is being brought to your attention. I did not fire–

THE COURT: Let me explain why it's brought to my attention. It has to be brought to my attention if there is going to be a problem on your part with [defense counsel] representing you. If you feel that somehow he has been ineffective in his representation of you during the course of trial, then I also have to know whether or not, given that, if that's your belief, you continue to want him to represent you at a sentencing which is a very crucial part of the case.

If you are unhappy with his representation, you think he hasn't done the job that you feel he should have done, then the question is, why would you want him to represent you at the sentencing hearing? That's why I'm asking.

DEFENDANT PENCE: Well, okay. Fine.

I understand that.

But the matter in which I had hired him still is that intention [sic]. I have not fired him. He is still under obligation to fulfill his duty that he was hired for.

THE COURT: He is willing to do that.

But I have to know that that's your choice, your decision, even if you perhaps have filed such a complaint, do you continue to want [defense counsel] to represent you at that sentencing hearing?

DEFENDANT PENCE: Correct.

[DEFENSE COUNSEL]: My only concern, the only comment I would have, I have some concerns about some things not only are they going to end up in another complaint–

THE COURT: He has retained you. He says he wants you to represent him. I don't think I could tell him he can't have you represent him if that's who he wants.

[DEFENSE COUNSEL]: That's fine."

On September 18, 2006, prior to the start of the sentencing hearing, the following colloquy occurred between the trial court and defendant:

"THE COURT: *** [Defendant], I want to be sure we're all absolutely clear as to how you want to proceed today. It's my understanding when we talked the other day that you want [defense counsel] to represent you in this sentencing hearing; is that correct?

[DEFENDANT]: Yes, your Honor.

THE COURT: You're not asking for time to get a new lawyer, correct?

[DEFENDANT]: I'm afraid I can't do that at the moment.

THE COURT: That's not my question. My question is, sir, you filed a complaint against the attorney with the [ARDC] against [defense counsel]. I need to know whether you want him to represent you at this hearing, or if you wanted time to find a new lawyer to represent you. If you cannot afford an attorney, then I have to inquire as to whether I can appoint an attorney for you. In order to do that, I have to find out the nature of your complaint with the [ARDC]. I have to know how you want to proceed.

[DEFENDANT]: Well, I feel that he should fulfill his obligation, and I would like to proceed with these matters.

THE COURT: Okay. This is your choice; is that correct?

[DEFENDANT]: That's correct.

THE COURT: Okay. I have found cases that say it is not a per se conflict of interest.

[ASSISTANT STATE'S ATTORNEY]: We found similar cases and showed them to Counsel, People versus Childress, and just as long as the--if the Court would also maybe even inform the defendant that even though it's not a per se conflict, just should there be some conflict, is he waiving it today?

THE COURT: Well, I think there is no conflict. The cases say there is no per se conflict. He's choosing to proceed. It's his choice. I want to be sure to give him one. Either he wanted to proceed with [defense counsel], that he didn't want time to find [a] new lawyer; or that he didn't want me to appoint new counsel to represent him, in which case then I have to make an inquiry as to the basis of his complaint. He is telling me he doesn't want to do any of those things. He wants [defense counsel] to represent him, so we'll proceed."

Following the presentation of evidence in aggravation and in mitigation, defendant made the following statement:

"[DEFENDANT]: *** First, I would like to thank you for letting me address you, address the Bench. Secondly, I do respect your decision, although there were issues of facts that my defense looked [sic] and omitted. You were denied the full picture for which you[r] verdict may have changed.

In accepting your verdict, I now beseech your honesty and justice with your judgment. I plead for your mercy and lenience, and I implore that you realize my background is free of such felony convictions. Again, I request your fair judgment in handing out my sentence.

In sum, I feel my defense did not thoroughly represent me. I only hope now that you be fair and unbiased in sentencing me. Thank you. God bless you."

The trial court sentenced defendant to nine years' imprisonment on each conviction of criminal sexual assault and to three years' imprisonment on the conviction of aggravated criminal sexual abuse, to be served consecutively.

Defendant filed a motion to reconsider his sentence. At the outset of the hearing on the motion, on September 28, 2006, the following colloquy occurred:

"[ASSISTANT STATE'S ATTORNEY]: ***

***

*** We would ask, based upon the defendant's statement of allocution indicating that there was some defect or omission by counsel in presenting evidence or presenting information to this Court either--whether it be at sentencing or at trial or both, we believe that's--at this juncture it's appropriate for the Court to inquire of the defendant what that is so that if that's something that the defendant, now of his own accord, is saying to this Court is some defect in proceedings, that should be made of record now and we're asking the Court to make an inquiry.

THE COURT: You're going to have to refresh my memory. What was it that he said?

[ASSISTANT STATE'S ATTORNEY]: In his statement of allocution the defendant indicated that the Court did not see the full story in that not all evidence was brought on his behalf.

And it's our position that it was fairly obvious that he was talking about his counsel.

And, again I know we've been through this before, but, Judge, now is the time to address that issue.

And if the defendant does not want to address that issue and doesn't want to make a disclosure to the Court or doesn't want to present that information, that's fine. But then that's his right and that's his knowing waiver of that.

But we believe it's important now that we're down to the trial proceedings, for purposes of any appeal, that the defendant present that information so we can handle it now while it's appropriate to handle it and while the witnesses have things fresh in their mind and while the proceedings are close in time to the judgment of the Court.

We would ask the Court to inquire of the defendant about those matters and about anything that he believes was not presented to [the] Court.

THE COURT: Okay. We did, I think, in essence cover some of this before the sentencing hearing when Mr.--the indication was that [defendant's] father complained of the terms of registration regarding the case. And [defendant] indicated at that time that he didn't want to get into the matter and wanted [defense counsel] to continue to represent him.

But we are at a stage, [defendant], at this point where sentence has been entered. Your appellate rights were explained to you.

If there is an issue that this Court can correct at this point in time, now is the point in time to do it.

You run the risk, sir, by not raising it at this point in time that it might be considered waived on appeal. Because the purpose of posttrial motions is to give the Court the

opportunity to correct any errors that may have been made during the course of trial or sentencing.

So again, sir, I would ask you as to whether you wish to do that or not?

[DEFENDANT]: I'm going to need some time. I'm going to need at least a month possibly to look into additional, if not new, counsel.

THE COURT: Well--

[DEFENDANT]: That decision I can't make right at this moment.

THE COURT: Your appeal time, sir, is going to run from today's date. As I explained to you, you have 30 days. There is no other motion on--

DEFENDANT: I understand.

THE COURT: --file other than the motion to reconsider the sentence which I'm going to deny in terms of the motion to reconsider the sentence.

But in terms of any other issue, you have 30 days from today's date to file your notice of appeal.

And, again, I think if you don't file some type of motion within this Court within that period of time raising some issues, you run the risk that they will be considered waived on appeal. That's all I can tell you.

Anything else you want?

[ASSISTANT STATE'S ATTORNEY]: No, Judge.

But in light of the Defendant's response, I guess we'd ask that maybe the matter be set over--not for a month.

THE COURT: I'm not going to set it for a--

[ASSISTANT STATE'S ATTORNEY]: Maybe a week.

THE COURT: If he wants to file a motion, he can file a motion. If he doesn't want to, he doesn't want to.

He's going to [the] Department of Corrections. I'm not going to stay it."

Defendant timely appealed.

Defendant argues that the trial court failed to adequately inquire into the basis of defendant's allegations concerning his attorney's ineffectiveness at trial, specifically, the claims he made in allocution that "[his] defense did not thoroughly represent [him]" and that "there were issues of facts that my defense looked [sic] and omitted" and, further, that the court was "denied the full picture for which you[r] verdict may have changed." The State responds that "defendant was asked specifically, and on more than one occasion, to specify any problems he might have had with his attorney, but he refused to do so."

When a defendant makes a pro se posttrial claim of ineffective assistance of counsel, "the trial court must at least examine the factual matters underlying the defendant's claim." People v. Robinson, 157 Ill. 2d 68, 86 (1993); People v. Sanchez, 329 Ill. App. 3d 59, 66 (2002). If, after examining the factual matters, the court determines that the claim lacks merit or pertains only to matters of trial strategy, the court may deny the motion. Robinson, 157 Ill. 2d at 86; Sanchez, 329 Ill. App. 3d at 66. If the allegations suggest possible neglect of the case, the court should appoint new counsel to assist in the motion. Robinson, 157 Ill. 2d at 86; Sanchez, 329 Ill. App. 3d at 66.

As to our standard of review, defendant maintains that it is de novo because "the sufficiency of the allegations is purely a legal issue." See, e.g., People v. Coleman, 183 Ill. 2d 366 (1998) (sufficiency of allegations in a postconviction petition is a purely legal issue and reviewed de novo).

The State maintains that "there is no legal determination to be reviewed, but a factual one: whether the trial court adequately investigated defendant's allegations of ineffective assistance of counsel." Without any citation to authority, the State argues that we should determine whether the trial court's finding was against the manifest weight of the evidence. We need not resolve this issue, because under any standard the trial court erred.

As an initial matter, we note that, in his opening brief, defendant maintained that the "first indication that he was dissatisfied with his attorney's performance was his filing of the complaint with the [ARDC]" and that the trial court failed to inquire into the nature of the complaint. Apparently, when defendant's appellate counsel filed the opening brief, she did not have the benefit of the transcript from the September 15, 2006, proceeding, which (as she now concedes in her reply brief) clearly established that the trial court did initiate an inquiry into the filing of the ARDC complaint. In light of the State's filing of the September 15, 2006, transcript, defendant withdraws the argument raised in his opening brief concerning the filing of the ARDC complaint.

Relying on Sanchez, defendant argues that we should consider his verbal allegations of ineffectiveness as a "motion" sufficient to have raised the issue of attorney ineffectiveness. In Sanchez, the defendant stated at his sentencing hearing that "his attorney failed to investigate his case." Sanchez, 329 Ill. App. 3d at 66. The defendant further stated that "he was framed and that he could have proved that if his attorney had investigated his case." Sanchez, 329 Ill. App. 3d at 66. The judge sentenced defendant without responding to the defendant's remarks. On appeal, the First District characterized the defendant's remarks as a " 'motion.' " Sanchez, 329 Ill. App. 3d at 66. The court remanded for a hearing on the defendant's ineffective-assistance claim, holding that, under

Robinson, "a preliminary inquiry was called for when defendant expressed dissatisfaction with his trial attorney." Sanchez, 329 Ill. App. 3d at 66.

Here, as in Sanchez, the trial court never inquired into the factual matters underlying defendant's allegations made in allocution concerning his attorney's ineffectiveness. When defendant stated in allocution that "[his] defense did not thoroughly represent [him]" and that "there were issues of facts that my defense looked [sic] and omitted" and, further, that the court was "denied the full picture for which you[r] verdict may have changed," the court should have made further inquiry. Indeed, the State urged the court to make such an inquiry when the parties appeared before the court on defendant's motion for reconsideration. However, the court seemed to be under the mistaken belief that the State was referring to another issue. In response to the State's request that the court question defendant concerning "his statement of allocution," the court stated:

> "We did, I think, in essence cover some of this before the sentencing hearing when Mr.--the indication was that [defendant's] father complained of the terms of registration regarding the case. And [defendant] indicated at that time that he didn't want to get into the matter and wanted [defense counsel] to continue to represent him." (Emphasis added.)

Certainly the court could not have addressed before the sentencing hearing the specific claims made by defendant at the sentencing hearing. The matters addressed by the court prior to the sentencing hearing stemmed from defendant's filing of the ARDC complaint. Defendant did not make anyone aware of the contents of the complaint, and, in response to the court's questioning at the September 15, 2006, hearing about his desire to go forward with defense counsel's representation, defendant responded that his attorney should "fulfill his obligation." There is nothing in the record to show that

the ARDC filing involved the same ineffectiveness claims later raised by defendant at the sentencing hearing.

The issue concerning the filing of the ARDC complaint and the issue of the allegations of ineffectiveness defendant made in allocution are distinct, and there is no indication in the record that the court ever conducted an adequate inquiry into the latter. In its brief, the State claims that "defendant was asked specifically, and on more than one occasion, to specify any problems he might have had with his attorney, but he refused to do so." However, in support, the State cites to portions of the transcript from the September 15 and September 18, 2006, hearings, where the court questioned defendant concerning the ARDC complaint. This does not support the State's claim that the court conducted an adequate inquiry into defendant's ineffectiveness claims, as the cited inquiries took place before defendant raised his claims.

Here, as in Sanchez, the court never considered defendant's claims of ineffectiveness. Defendant's claims of ineffectiveness may or may not have merit, but the court must examine their factual basis. Accordingly, based on the foregoing, we remand for that inquiry and for further appropriate proceedings.

Remanded.

O'MALLEY and JORGENSEN, JJ., concur.