# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Remsik-Miller*, 2012 IL App (2d) 100921

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHERRIANNE REMSIK-MILLER, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0921 |
| Filed | March 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from the denial of defendant's *pro se* motion for reconsideration of her sentence for solicitation of murder for hire, the cause was remanded for the limited purpose of allowing the trial court to conduct a preliminary examination as to the factual basis of defendant's allegation of ineffective assistance of counsel arising from her comment at the hearing on her motion that her attorney did not represent her "to his fullest ability" during her trial; however, if the trial court finds the claim related to her argument at the hearing on the posttrial motions concerning whether certain witnesses should have been called, the claim may be denied on the grounds that the trial court's inquiry at the hearing was sufficient and defendant did not object, but if defendant was referring to other deficiencies, preliminary investigation must be made into those areas. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 08-CF-2395; the Hon. Thomas E. Mueller, Judge, presiding. |
| Judgment | Remanded. |

| Counsel on Appeal | Thomas A. Lilien and Kathleen Weck, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Edward R. Psenicka, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion. |
| | Justices Bowman and Schostok concurred in the judgment and opinion. |

## OPINION

¶ 1    Following a bench trial, defendant, Sherrianne Remsik-Miller, was convicted of solicitation of murder for hire (720 ILCS 5/8-1.2(a) (West 2008)) and sentenced to 22 years in prison. Following the denial of her *pro se* motion for reconsideration of her sentence, defendant timely appealed. Defendant argues that the court erred in not inquiring into her *pro se* claim that her trial counsel was ineffective (see *People v. Krankel*, 102 Ill. 2d 181 (1984)). The issue is whether defendant's comment at the hearing on her motion–that defense counsel did not represent her "to his fullest ability during [her] trial"–amounted to an allegation of ineffective assistance such that it triggered the court's duty to inquire. For the reasons that follow, we remand for the limited purpose of allowing the trial court to conduct the necessary preliminary examination as to the factual basis of defendant's allegation.

¶ 2                          I. BACKGROUND

¶ 3    Defendant was charged with solicitation of murder for hire (720 ILCS 5/8-1.2(a) (West 2008)) and solicitation of murder (720 ILCS 5/8-1.1(a) (West 2008)). Following a bench trial, the trial court found defendant guilty of solicitation of murder for hire and set the matter for sentencing.

¶ 4    Defense counsel and defendant each filed a posttrial motion. Defense counsel's motion asked for a judgment of not guilty or, in the alternative, a new trial. The trial court denied the motion. Defendant's *pro se* motion asked for a "new trial based on new evidence and/or witnesses not known/available for trial of June 7, 2010." Although defense counsel did not adopt defendant's *pro se* motion, he asked the trial court to consider it. Thereafter, the following colloquy took place:

      "THE DEFENDANT: Your Honor, at the trial you said my intent was very clear by the tapes. And there are witnesses that are–can be available to show that that was not my intent. Other people that I had talked to being angry, just talking to and venting, people who knew me for more than three months. I would like the opportunity to at least have

-2-

them speak before–

THE COURT: What would you have them testify to?

THE DEFENDANT: That I was angry. They knew the situation between my husband and myself. And that I was angry. And that I never would have gone through with anything.

THE COURT: They couldn't testify to that. They could testify–you could bring in 50 people, all of whom would say I know [defendant], I know she was angry at her husband. They could not then go on to say what was going on in your mind, that's inadmissible evidence.

THE DEFENDANT: They could talk about things we had talked about, my friends and I.

THE COURT: No, that would be inadmissible hearsay. I'm just telling you the law.

THE DEFENDANT: I'm just saying I–okay.

[DEFENSE COUNSEL]: What you're saying is you didn't intend.

THE DEFENDANT: I didn't intend, correct.

[DEFENSE COUNSEL]: The Court knows that's our position. He's aware of it.

THE COURT: I've read your letters in allocution, I'm very familiar with what your position is. So, that motion will be denied as well.

[ASSISTANT STATE'S ATTORNEY]: Your Honor, we would ask that the defendant, if the Court wishes to inquire, list of [*sic*] people that she would have called, notwithstanding the Court's ruling. There may be something out there, but we would ask that it be made of record.

THE DEFENDANT: Mary Ellen Rea. Steven Kampau. Cindy Knotts. Mary Bublitz. That's all–that's off the top of my head. I could sit down and come up with a few more.

[DEFENSE COUNSEL]: These are people who would testify that you were angry at your husband?

THE DEFENDANT: Mary Ellen Rea was my therapist, yes.

[DEFENSE COUNSEL]: I think the Court probably is aware of that.

THE COURT: She testified–the evidence came out that she was.

Is the State ready to proceed to sentencing?"

The matter proceeded to a sentencing hearing, after which the court sentenced defendant to 22 years in prison.

¶ 5    Thereafter, defendant filed a *pro se* motion for reconsideration of her sentence. Defense counsel did not file a postsentencing motion. A hearing took place on September 3, 2010, at which defendant appeared *pro se*. Defendant did not present oral argument in support of her motion. After the State argued as to why the motion should be denied, the court asked defendant if she wished to reply. The following colloquy took place:

"[THE DEFENDANT]: Yes, sir, I do.

First, I want to make sure that [defense counsel] is no longer listed as my attorney.

I don't believe he did represent me to his fullest ability during my trial.

> THE COURT: Okay. That's not an issue before this court today. That would be an issue for the appellate court.

> [THE DEFENDANT]: Okay."

After defendant replied to the State's arguments, the court denied the motion.

¶ 6    Defendant timely appealed.

## II. ANALYSIS

¶ 7

¶ 8    Defendant argues that, "[b]ecause the trial court rejected defendant's allegation that trial counsel was ineffective without inquiring into the factual basis for the claim, this case should be remanded for a proper inquiry." According to defendant, the comment that she made at the hearing on her *pro se* motion for reconsideration of her sentence–that she did not believe that defense counsel represented her "to his fullest ability during [her] trial"–was sufficient to raise a claim of ineffectiveness. The State first responds that the trial court properly inquired into and rejected defendant's claim. According to the State, defendant's statement at the hearing on her *pro se* motion for reconsideration of her sentence related back to defendant's original argument (raised at the hearing on the posttrial motions) that certain witnesses should have been presented at trial, which the court properly addressed. In the alternative, the State maintains that the comment at the hearing on her *pro se* motion for reconsideration of her sentence was "too vague and conclusory" to warrant further investigation.

¶ 9    When a defendant brings a *pro se* posttrial claim that trial counsel was ineffective, the trial court must inquire adequately into the claim and, under certain circumstances, must appoint new counsel to argue the claim. *Krankel*, 102 Ill. 2d at 187-89; see *People v. Taylor*, 237 Ill. 2d 68, 75 (2010); *People v. Pence*, 387 Ill. App. 3d 989, 994 (2009). New counsel is not automatically required merely because the defendant presents a *pro se* posttrial claim that his counsel was ineffective. *People v. Moore*, 207 Ill. 2d 68, 77 (2003). The trial court must first examine the factual basis of the claim. The supreme court has listed three ways in which a trial court may conduct its examination: (1) the court may ask trial counsel about the facts and circumstances related to the defendant's allegations; (2) the court may ask the defendant for more specific information; and (3) the court may rely on its knowledge of counsel's performance at trial and "the insufficiency of the defendant's allegations on their face." *Id.* at 78-79. If the defendant's allegations show possible neglect of the case, the court should appoint new counsel to argue the defendant's claim of ineffective assistance. *Taylor*, 237 Ill. 2d at 75; *Pence*, 387 Ill. App. 3d at 994. However, if the court concludes that the defendant's claim lacks merit or pertains only to matters of trial strategy, the court may deny the claim. *Taylor*, 237 Ill. 2d at 75; *Pence*, 387 Ill. App. 3d at 994. If the court fails to conduct the necessary preliminary examination as to the factual basis of the defendant's allegations, the case must be remanded for the limited purpose of allowing the court to do so. *People v. Serio*, 357 Ill. App. 3d 806, 819 (2005). The threshold question of whether defendant's statement constituted a *pro se* claim of ineffective assistance sufficient to trigger the court's duty to inquire into the factual basis of the claim is a question of law; thus, our

review is *de novo*. See *Taylor*, 237 Ill. 2d at 75.

¶ 10    As an initial matter, we reject the State's argument that defendant's statement concerning counsel's failure to represent her to his fullest ability necessarily related back to defendant's *pro se* motion for a new trial wherein she expressed her desire to present certain additional witnesses. There is simply nothing in the transcript that allows us to draw that conclusion. Indeed, defendant's *pro se* motion for a new trial did not allege ineffectiveness on the part of counsel; rather, it requested a "new trial based on new evidence and/or witnesses not known/available for trial of June 7, 2010." Moreover, the court did not treat the motion as one raising ineffectiveness; it addressed the motion as, indeed, a motion for a new trial.

¶ 11    Having determined that defendant's allegation that counsel failed to represent her to his fullest ability did not necessarily relate back to defendant's *pro se* motion for a new trial, the question becomes whether, as the State contends, defendant's comment was "too vague and conclusory" to trigger the court's duty to inquire.

¶ 12    We first address the State's case law. In support of its position, the State cites *People v. Johnson*, 159 Ill. 2d 97, 126 (1994), *People v. Bobo*, 375 Ill. App. 3d 966, 985 (2007), and *People v. Ford*, 368 Ill. App. 3d 271, 276 (2006). In addition, the State cites *People v. Ward*, 371 Ill. App. 3d 382, 431 (2007), for the proposition that "some minimum requirements must be satisfied by a defendant in order to trigger a preliminary inquiry by the trial court," and it cites *People v. Radford*, 359 Ill. App. 3d 411, 418 (2005), for the proposition that "[a] bald allegation of ineffective assistance is insufficient."

¶ 13    We note that the first three of the State's cases are distinguishable, because in each case the trial court conducted the requisite inquiry. See *Johnson*, 159 Ill. 2d at 126 (finding that "none of defendant's arguments were overlooked or ignored"); *Bobo*, 375 Ill. App. 3d at 984 ("The trial judge listened to defendant and discussed his allegations of ineffective assistance of counsel with him. The record reflects that the trial court's actions were appropriate and demonstrated adequate review and inquiry into defendant's allegations of ineffective assistance of counsel."); *Ford*, 368 Ill. App. 3d at 276 ("The record shows that the court considered defendant's allegations of ineffective assistance of counsel as they arose and determined, in essence, that defendant did not bring forth a colorable claim of ineffective assistance of counsel.").

¶ 14    We now turn to *Radford* and *Ward*. The issue on appeal in each case was whether the court erred in failing to conduct the *Krankel* inquiry. In *Radford*, the defendant sent a letter to the trial judge, stating:

"  '[I]f my witness was called and my lawyer would have did a halfway good job that I would be at home with my family ***.' " *Radford*, 359 Ill. App. 3d at 416.

The First District first found that the defendant's *ex parte* letter did not make an adequate claim of ineffective assistance. *Id.* It also found that, because the defendant did not argue a claim of ineffective assistance at his posttrial hearing when the letter was presented (while he was represented by counsel), the defendant forfeited any claim that the letter may have raised. *Id.* at 417. The court also noted that an *ex parte* letter does not amount to a motion. *Id.* The court further found that, even if the letter was sufficient to raise a claim of ineffectiveness, the trial court "did not need to reach *Krankel*" because the letter was

conclusory. *Id.* at 418. The court went on to hold: "The trial court adequately evaluated the defendant's claim under *Moore* because it was familiar with defendant's counsel's performance at trial and defendant's lack of detailed allegations of defendant's counsel's ineffective performance." *Id.* It then concluded its analysis by stating that "the trial court properly concluded that it need not conduct any further inquiry." *Id.* at 418-19. Thus, while the court stated that no inquiry was required, it nevertheless held that the trial court "adequately evaluated defendant's claims." *Id.* at 418.

¶ 15    In *Ward*, the defendant informed the trial court:

" '[T]here is a lot about my case that you still do not know about and there was a lot of evidence that was not submitted in my trial, in my motion.

I had signed affidavits and a lot of other things that was not submitted, you know, and I blame that on–and the fact of my counsel, and I ask that, you know, that you take all that into consideration, you know.' " *Ward*, 371 Ill. App. 3d at 432.

The First District found that this allegation was insufficient to raise a claim of ineffective assistance of counsel, noting that it was not meaningfully distinguishable from *Radford*. The court quoted *Radford*, stating that " '[a] bald allegation that counsel rendered inadequate representation is insufficient for the trial court to consider [as an acceptable invocation of *Krankel*].' " *Id.* (quoting *Radford*, 359 Ill. App. 3d at 418).

¶ 16    While the First District case law relied on by the State seems to hold that a fair degree of specificity is required before a duty to inquire is even triggered, this court's decision in *People v. Bolton*, 382 Ill. App. 3d 714, 721 (2008), suggests that even a bare claim of ineffectiveness warrants some degree of inquiry under *Moore*. In *Bolton*, we stated that "if a defendant merely states, 'trial counsel is ineffective,' a court should at least ask 'how' and give the defendant a chance to elaborate." *Id.* In *Pence*, we found that the court erred when it failed to inquire into the factual matters underlying the defendant's allegations (made in allocution) that " '[his] defense counsel did not thoroughly represent [him]' " and that " 'there were issues of facts that [his] defense looked [*sic*] and omitted' " and, further, that the court was " 'denied the full picture for which [its] verdict may have changed.' " *Pence*, 387 Ill. App. 3d at 995. We held: "Defendant's claims of ineffectiveness may or may not have merit, but the court must examine their factual basis." *Id.* at 996. Thus, we remanded for that inquiry. *Id.*

¶ 17    Aside from the apparent conflict with decisions of this court, the cases cited by the State also appear to disregard *Moore*'s holding that the trial court must conduct "some type of inquiry" into the factual basis of the defendant's claim (*Moore*, 207 Ill. 2d at 79) and, even if the claim arguably lacks merit as stated, must " 'afford[ ] the defendant the opportunity to specify and support his complaints' " (*id.* at 80 (quoting *People v. Robinson*, 157 Ill. 2d 68, 86 (1993))). Here, where defendant stated to the court that she wanted to make sure that defense counsel was "no longer listed as [her] attorney" and then said, "I don't believe he did represent me to his fullest ability during my trial," the court should have at least asked a follow-up question. The relatively recent supreme court case of *Taylor*, 237 Ill. 2d at 75-77, supports this conclusion. In *Taylor*, the supreme court addressed the issue of whether the defendant's statement at sentencing constituted a *pro se* claim of ineffective assistance of

counsel sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry. *Id.* The defendant argued that his statement, which did not mention defense counsel at all, amounted to an *implicit* allegation of ineffectiveness. The court rejected the defendant's claim. What is instructive for this court is the fact that, in doing so, the supreme court found it particularly relevant that "nowhere in defendant's statement at sentencing did he specifically complain about his attorney's performance, or expressly state he was claiming ineffective assistance of counsel." *Id.* at 76. Here, defendant's comment that her attorney did not represent her "to his fullest ability during [her] trial" made clear that she was raising a claim of ineffectiveness and, thus, the court should have inquired further.

¶ 18                                    III. CONCLUSION

¶ 19        Based on the foregoing, we remand for the limited purpose of allowing the trial court to conduct the necessary preliminary examination into the factual basis of defendant's allegation. See *Serio*, 357 Ill. App. 3d at 819. We note, however, that if the trial court finds that defendant's ineffectiveness claim relates back to the argument that she raised at the hearing on the posttrial motions, concerning whether certain witnesses should have been presented at trial, then the court need not inquire further and may deny the claim, because the court's original inquiry was sufficient under *Moore* (see *Moore*, 207 Ill. 2d at 78-79) and because defendant raises no challenge to its sufficiency. Of course, if defendant is referring to other alleged deficiencies in counsel's performance, the trial court must conduct its preliminary investigation into those areas.

¶ 20        Remanded.