2022 IL App (2d) 200730-U
Nos. 2-20-0730 & 2-20-0731, cons.
Order filed February 4, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 20-CF-55 20-CF-132 |
| TARRONE J. JACKSON, | ) ) | Honorable Michael P. Bald, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Hutchinson and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The case is remanded for the trial court to conduct an inquiry, under *People v. Krankel*, into defendant's *pro se* allegation that his attorney did not fully explain the considerations relevant to defendant's decision to accept a plea agreement.

¶ 2    At issue in these consolidated appeals is whether defendant, Tarrone J. Jackson, raised a postplea *pro se* claim of ineffective assistance of counsel that was sufficient to obligate the trial court to conduct an inquiry into the claim pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny. We conclude that he did. Because the trial court did not conduct the inquiry, we remand to the trial court for it to do so.

¶ 3                                    I. BACKGROUND

¶ 4     In case No. 20-CF-55, defendant was charged in the circuit court of Stephenson County with two counts of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2020)). In case No. 20-CF-132, defendant was charged in the circuit court of Stephenson County with a single count of unlawful delivery of a controlled substance within 500 feet of a school (720 ILCS 570/407(b)(2) (West 2020)). Defendant entered into a joint plea agreement, under which he agreed to plead guilty to all charges in both cases. In exchange for his plea, he would be sentenced to concurrent prison terms of one year for each of the unlawful possession convictions in case No. 20-CF-55 and seven years for the unlawful delivery conviction in case No. 20-CF-132.

¶ 5     At the plea hearing, the trial court questioned defendant to determine whether his plea was knowing, intelligent, and voluntary. When the court asked defendant whether he was satisfied with his attorney's performance, defendant responded, "I haven't really had a chance to talk to him." The trial court then offered defendant additional time to consult with his attorney, but defendant declined. The trial court accepted defendant's plea and sentenced him per the parties' agreement.

¶ 6     Defendant timely moved to withdraw his guilty plea in each case, asserting that he "did not knowingly, intelligently, and voluntarily waive his rights to [a] jury trial." He further asserted that he did not "fully understand or comprehend" the trial court's admonishments. At the hearing on the motion, defendant testified, "I didn't really have enough time to really discuss the case with [defense counsel] without fully understanding. *** And everything happened so fast I really didn't fully understand." Asked by defense counsel to elaborate, defendant testified, "You didn't—I don't feel like you explained to me more that you could have explained in that short of time that we did have—communicate."

¶ 7　　The trial court denied the motion. Defendant filed separate timely notices of appeal in each case. We consolidated the appeals.

¶ 8　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 9　　In *Krankel*, our supreme court held that the trial court should have appointed a new attorney for the defendant, who raised a *pro se* posttrial claim of ineffective assistance of counsel. As our supreme court has since made clear, however, the right to new counsel is not automatic. *People v. Jolly*, 2014 IL 117142, ¶ 29. In *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003), the court explained that when a defendant makes a *pro se* posttrial claim of ineffective assistance of counsel, the trial court should examine the factual basis of the claim. If the claim is without merit or pertains to matters of trial strategy, the trial court may deny it without appointing new counsel. *Id.* at 78. "However, if the allegations show possible neglect of the case, new counsel should be appointed." *Id.* On appeal, a reviewing court must ensure that the trial court conducted an adequate inquiry, which will usually require "some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation." *Id.* Furthermore, "[a] brief discussion between the trial court and the defendant may be sufficient," and the trial court may rely on its knowledge of counsel's performance and the insufficiency of the *pro se* allegations on their face. *Id.* at 78-79.

¶ 10　　A threshold question is whether the defendant advanced an ineffective assistance claim that is adequate to trigger the trial court's duty to conduct a *Krankel* inquiry. To trigger that duty, the defendant must present "a clear claim asserting ineffective assistance of counsel, either orally or in writing." *People v. Ayres*, 2017 IL 120071, ¶ 18. See also *People v. King*, 2017 IL App (1st) 142297, ¶ 18 (vague references to the failure to call certain witnesses did not amount to a claim of

ineffective assistance of counsel where the defendant never specifically stated that counsel was ineffective or expressed unhappiness with counsel's performance).

¶ 11    Here the trial court did not conduct a *Krankel*, inquiry. Defendant claims that when he told counsel in open court, "You didn't—I don't feel like you explained to me more that you could have explained in that short of time that we did have—communicate," he asserted that counsel was ineffective, thus triggering the trial court's duty to conduct a *Krankel* inquiry. The State argues that defendant's remark did not amount to a claim of ineffective assistance of counsel.

¶ 12    Defendant relies in part on our decision in *People v. Pence*, 387 Ill. App. 3d 989 (2009), in which we held that the trial court should have conducted a *Krankel* inquiry "[w]hen defendant stated in allocution that '[his] defense did not thoroughly represent [him]' and that 'there were issues of facts that my defense looked [*sic*] and omitted' and, further, that the court was 'denied the full picture for which you[r] verdict may have changed.' " *Id.* at 995. Here, the thrust of defendant's remarks is that counsel's representation was deficient because counsel failed to fully explain the considerations germane to defendant's decision whether to enter into the proposed plea agreement. If that is the case, it can be said (as the defendant in *Pence* did), that counsel did not thoroughly represent defendant. As in *Pence*, we deem the remarks to be a claim of ineffective assistance of counsel sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry. To hold otherwise would exalt form over substance.

¶ 13    The State argues that, even if defendant's remark can be considered a claim of ineffective assistance of counsel, it fails on the merits because the trial court offered defendant more time to consult with counsel and defendant declined. Thus, according to the State, defendant "wholly invited the scenario from which he now seeks relief." The State's argument is unpersuasive. The trial court's obligation to conduct a *Krankel* inquiry is not contingent on a showing that the

defendant would ultimately prevail on his or her *pro se* ineffective assistance claim. Indeed, it is the purpose of the inquiry to determine whether the claim is potentially meritorious and to ensure that, if it is, the defendant has the assistance of conflict-free counsel to advance and develop the claim. We note that the State cites no authority that the underlying merits of a *pro se* ineffective assistance claim have any bearing on the trial court's obligation to conduct a *Krankel* inquiry.

¶ 14 We conclude that this case must be remanded for the limited purpose of conducting a *Krankel* inquiry. If that inquiry reveals possible neglect by counsel, the court shall appoint new counsel to represent defendant on his ineffective-assistance claim. However, if the court concludes that defendant's claim lacks merit or pertains only to matters of trial strategy, the court may deny the claim.

¶ 15                                      III. CONCLUSION

¶ 16 For the reasons stated, we remand the cause to the circuit court of Stephenson County for further proceedings as directed.

¶ 17 Remanded with directions.