# Illinois Official Reports

## Appellate Court

---

**People v. Jindra, 2018 IL App (2d) 160225**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL E. JINDRA, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-16-0225 |
| Filed | July 10, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Stephenson County, Nos. 15-CM-646, 15-CM-647; the Hon. James M. Hauser, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Andrew Smith, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Carl H. Larson, State's Attorney, of Freeport (Patrick Delfino, David J. Robinson, and Marshall M. Stevens, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion.<br>Presiding Justice Hudson and Justice Hutchinson concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a bench trial, defendant, Paul E. Jindra, was convicted of two counts of disorderly conduct (720 ILCS 5/26-1(a)(1) (West 2014)) and one count of assault (*id.* § 12-1(a)) for an incident involving the "village animal catcher" and one of defendant's cats. The court sentenced defendant to conditional discharge plus a fine and a fee. After defendant was convicted and sentenced, he filed a *pro se* four-sentence motion to reconsider. The only issue raised on appeal is whether the contents of that motion mandated that the court conduct a preliminary inquiry into a claim of ineffective assistance of counsel, consistent with the procedure set forth in *People v. Krankel*, 102 Ill. 2d 181, 189 (1984). We affirm.

¶ 2                            I. BACKGROUND

¶ 3    Prior to trial, defendant's attorney, Assistant Public Defender Travis Lutz, subpoenaed Brissa Cuthbertson to testify. Cuthbertson appeared for trial on the originally scheduled trial date. However, at the State's request, the trial was continued to a later date. The court informed Cuthbertson that her subpoena was continued to the new date set for trial and issued her a reminder slip for the new date. On the new date set for trial, Cuthbertson failed to appear. Despite Cuthbertson's absence, Lutz did not request a continuance and answered that the defense was ready for trial. Cuthbertson was not mentioned in any witness's testimony.

¶ 4    The court found defendant guilty of all counts, sentenced him to one year of conditional discharge, and ordered him to pay a fine and a fee.

¶ 5    On the same day as sentencing, defendant filed a *pro se* motion, titled "Motion (To Reconsider)," based on Cuthbertson's nonappearance. In his motion, defendant wrote the following:

> "I would like the judge to reconsider this case. [T]he key witness, Brissa Cuphbertson [*sic*], did not appear in court, nor was her written statement submitted to the judge. The public defender was Mr. Travis Lutz. This eye witness [*sic*] is crucial to this defense."

¶ 6    At the next court date, Lutz was unsure of how to proceed with the case because defendant had filed a *pro se* motion and Lutz had subsequently filed a motion for a new trial. Lutz informed the court that he was ready to proceed on the motion for a new trial. The court then reminded defendant that he was represented by counsel, that he was "not to file any pleadings," and that, instead, he should do so through his counsel. Defendant responded that he understood. The court asked if Lutz would like time to consult with defendant about his motion to reconsider. Lutz responded "yes," that he would speak to defendant, and that, "if that's what we're going to do," Lutz would file a proper motion to reconsider.

¶ 7    When the court set a date to hear the motions, defendant interjected, "That's an important point. New information is supplied by Brissa—Brissa Cuthbertson." The court instructed defendant to speak with his attorney about that, but defendant continued, "Yes. She doesn't care. She'll come tomorrow, if you ask her. She says it was a mistake. She didn't think she was supposed to show up last week." The court again admonished defendant to speak with his attorney.

¶ 8 At the next court date, Lutz addressed the matter of the *pro se* motion to reconsider. Lutz told the court, "I don't think we're looking to proceed on that in any fashion. I'd rather ask to proceed on the motion for new trial that I had filed." This motion, which did not mention Cuthbertson, was heard and denied. Defendant timely appeals.

¶ 9 II. ANALYSIS

¶ 10 The sole issue on appeal is whether the trial court should have conducted a preliminary inquiry pursuant to *Krankel* into defendant's alleged claim that he was denied the effective assistance of counsel because of counsel's failure to secure the presence of a key witness and to notify the judge of the witness's statement. Defendant's posttrial motion stated:

> "I would like the judge to reconsider this case. [T]he key witness, Brissa Cuphbertson [*sic*], did not appear in court, nor was her written statement submitted to the judge. The public defender was Mr. Travis Lutz. This eye witness [*sic*] is crucial to this defense."

¶ 11 The State responds that no *Krankel* inquiry was necessary because defendant's *pro se* motion did not make an explicit or clear complaint about counsel's performance. The State maintains that defendant's claim pertained to his belief that Cuthbertson was a necessary witness, with no indication that he was dissatisfied with his counsel.

¶ 12 When a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the trial court should conduct an inquiry to examine the factual basis of the claim. *People v. Jolly*, 2014 IL 117142, ¶ 29; *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003). If a defendant's *pro se* allegations of ineffective assistance of counsel show possible neglect, new counsel is appointed to represent the defendant in a full hearing on his claim. *Moore*, 207 Ill. 2d at 78.

¶ 13 However, if a defendant does not sufficiently raise an ineffective assistance claim, he does not trigger the need for the trial court to inquire. *People v. Taylor*, 237 Ill. 2d 68, 75-77 (2010).

¶ 14 Recently, the supreme court in *People v. Ayres*, 2017 IL 120071, considered whether the defendant's bare allegation of "ineffective assistance of counsel" contained in a motion to withdraw his guilty plea and vacate his sentence was sufficient to trigger the trial court's duty to conduct a preliminary *Krankel* inquiry, even though the allegation lacked any explanation or supporting facts. *Id.* ¶ 18. The court concluded that a defendant's "clear claim asserting ineffective assistance of counsel, either orally or in writing, *** is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry." *Id.* Thus, to be sufficient, the complaint must be clear.

¶ 15 We must determine therefore whether defendant did enough to trigger the trial court's duty to inquire. In other words, whether defendant brought a clear claim to "the court's attention*." Id.* ¶ 24. We find that defendant's statements fell short of a clear claim of ineffective assistance of counsel that would trigger the trial court's duty to conduct a preliminary *Krankel* inquiry.

¶ 16 Defendant never stated, orally or in writing, that counsel was ineffective. Although defendant's motion mentioned his counsel, it is unclear that defendant, in fact, was complaining about counsel. In short, defendant failed to make a *clear* claim asserting ineffective assistance of counsel sufficient to prompt the court's duty to conduct a *Krankel* inquiry.

¶ 17    In *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 31, the court held that the defendant was not entitled to a *Krankel* inquiry. The defendant did not mention his counsel in his letter to the trial court or reference his counsel in any way. In addition, by the time it received the defendant's letter, the trial court was aware that both parties had been operating under the misconception that the defendant's charges were subject to sentencing at 85%, and the defendant was present when the State and the defendant's counsel learned of the error. Thus, the defendant's letter, wherein he stated that he would not have entered his plea if he had known that he could have received 50% if he had gone to trial, "could have easily appeared to be his hoping to somehow get another chance at a lesser sentence." *Id.* ¶ 27. As he made no mention of his counsel, or any assertion of ineffective assistance, the letter was subject to many interpretations, including the defendant's *ex post facto* regret at not taking the State's alleged offer. *Id.* ¶ 28.

¶ 18    In *Taylor*, the defendant stated during allocution that he did not take a previously tendered plea deal only because " 'I had no idea what I was facing' " and that " 'I would [have] jumped into it with both feet if I knew that I was facing this type of situation.' " *Taylor*, 237 Ill. 2d at 73. There was nothing in the defendant's statement specifically informing the court that he was complaining about his attorney's performance. Nor did the defendant even mention his attorney. Further, because his statement was "rambling," it was "amenable to more than one interpretation." *Id.* at 77. According to the State, the statement merely showed regret at rejecting the more advantageous plea deal before trial and not that he rejected the offer due to a material misunderstanding of what sentence he faced. *Id.* The supreme court agreed with the State that the statement did not constitute an implicit *pro se* claim of ineffective assistance of counsel sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry. *Id.*

¶ 19    The same is true in the present case. While defendant did mention counsel in his motion, he did not complain about counsel's performance. Nor did he complain about counsel in his oral statements to the court. "In instances where the defendant's claim is implicit and could be subject to different interpretations, a *Krankel* inquiry is not required." *Thomas*, 2017 IL App (4th) 150815, ¶ 26. As in *Thomas* and *Taylor*, defendant's statements could be subject to differing interpretations. He easily could have been hoping for the trial court to reopen the proofs in order to hear the witness. Absent a clear claim of ineffective assistance of counsel, the trial court's duty to conduct a *Krankel* inquiry was not triggered. See *Ayres*, 2017 IL 120071, ¶ 18 (a defendant's "clear claim asserting ineffective assistance of counsel, either orally or in writing, *** is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry").

¶ 20    We disagree with defendant's suggestion that *People v. Peacock*, 359 Ill. App. 3d 326 (2005), is sufficiently similar to the facts presented here. In *Peacock*, the court held that the defendant had triggered a preliminary *Krankel* inquiry when he complained to the trial court that his attorney had not represented him to the full extent of his ability, specifically by failing to subpoena the defendant's witnesses and by ineffectively cross-examining witnesses at trial. *Id.* at 339-40. The defendant's statements contained express accusations of ineffective assistance against the defendant's attorney. In contrast, here, defendant's statements concerned his belief that Cuthbertson was a necessary witness, with no clear indication that he was dissatisfied with Lutz's performance as counsel. There simply is no clear accusation of ineffective assistance, in defendant's *pro se* motion or anywhere else in

the record. As defendant's statements fell short of a "clear claim asserting ineffective assistance of counsel" (*Ayres*, 2017 IL 120071, ¶ 18), he was not entitled to a *Krankel* inquiry. Accordingly, we conclude that defendant did not sufficiently raise a *pro se* claim of ineffective assistance of counsel and that the trial court did not err in failing to conduct a preliminary *Krankel* inquiry.

¶ 21                                    III. CONCLUSION

¶ 22       For the foregoing reasons, the judgment of the circuit court of Stephenson County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 23       Affirmed.