# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black">

### *People v. Craig*, 2020 IL App (2d) 170679

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT E. CRAIG, Defendant-Appellant. |
| District & No. | Second District No. 2-17-0679 |
| Filed | February 28, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 15-CF-477; the Hon. John A. Barsanti, Judge, presiding. |
| Judgment | Remanded. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Erin S. Johnson, of State Appellate Defender's Office, of Elgin, for appellant. |
| | Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Barry W. Jacobs, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Justices Jorgensen and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Robert E. Craig, appeals from his convictions of multiple counts of predatory criminal sexual assault of a child and aggravated criminal sexual abuse, arguing that the trial court erred in failing to inquire into his *pro se* claim of ineffective assistance of counsel, as required under *People v. Krankel*, 102 Ill. 2d 181 (1984). For the reasons that follow, we remand for the limited purpose of allowing the trial court to inquire into the factual basis of defendant's ineffective-assistance claim.

¶ 2                                    I. BACKGROUND

¶ 3    On May 27, 2015, defendant was indicted on 16 counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2010) (now 720 ILCS 5/11-1.40(a)(1), as renumbered by Pub. Act 96-1551, art. 2, § 5 (eff. July 1, 2011))), and 9 counts of aggravated criminal sexual abuse (*id.* § 12-16(c)(1)(i) (now 720 ILCS 5/11-1.60(c)(1)(i), as renumbered by Pub. Act 96-1551, art. 2, § 5 (eff. July 1, 2011))). The indictment alleged acts that occurred between 1997 and 2010 with three minors: T.C., born in 1994; A.G.C., born in 1996; and A.C., born in 1997 (collectively, the victims).

¶ 4    Defendant's jury trial began on February 6, 2017. The evidence generally established the following. The victims were defendant's nieces and nephew. Their father, Richard C., was defendant's brother. Their mother was Teresa C. From 1998 until 2005, the victims lived in Carpentersville with their parents. Their grandmother, Catherine, who was defendant's mother, lived across the street. Defendant sometimes stayed at the victims' home or with Catherine. In 2005, Richard was arrested for sexually assaulting the victims. After Richard went to prison, the victims initially lived with Catherine and then moved in with their cousin, Cassie, in Minnesota. In 2015, A.C. had a conversation with a school counselor, who subsequently contacted the Department of Children and Family Services. The victims each testified that defendant sexually assaulted and abused them at various times. Defendant testified on his own behalf and also called several other witnesses, including his nephew, Jack, who was his sister Melissa's son, his brother Richard, and his brother Ronald C.

¶ 5    The jury found defendant guilty of 11 counts of predatory criminal sexual assault of a child and 6 counts of aggravated criminal sexual abuse.

¶ 6    Defendant filed an amended motion for a new trial. In it, counsel alleged, *inter alia*, that he had discovered new evidence. He claimed that, after the trial, Cindy C., Ronald's wife, informed an investigator that, shortly after Richard's arrest, T.C. told her that "defendant had not touched her." Cindy stated in an attached affidavit that, shortly after Richard was charged, she asked T.C. if anyone else ever touched her and T.C. responded, " 'No, just Daddy.' "

¶ 7    The trial court denied the amended motion, finding that the witness, Cindy, could have been discovered before trial, that her testimony was cumulative, and that her testimony was not so conclusive as to change the outcome of the trial.

¶ 8    A sentencing hearing took place on July 12, 2017, but no evidence was presented. Prior to imposing the sentence, the trial court noted that it had "considered the [presentencing investigation report (PSI)]." The PSI contained the following information in the section entitled "Attitude/Orientation":

"[Defendant] reported that he received a jury trial in this case. Even though the jury found him guilty of seventeen counts, he stated that he did not do what he is accused of. *[Defendant] stated that his lawyer did not have his niece or his mother come to court to testify on his behalf. He stated that his niece was taking care of these kids (his brother's children) and he was never at his niece's house and the kids told the niece that [defendant] never did anything.* [Defendant] reported that his nephew testified that [defendant] was a good caregiver." (Emphasis added.)

The trial court sentenced defendant to 11 natural-life prison terms and three 3-year prison terms, all to be served concurrently. When the trial court asked defendant if he had anything to say to the court, defendant responded: "Nope."

¶ 9    Following the denial of his motion to reconsider sentence, defendant timely appealed.

¶ 10                                   II. ANALYSIS

¶ 11    Defendant contends that the trial court erred in failing to inquire into his *pro se* claim of ineffective assistance of counsel, as required under *Krankel*. The State responds that no inquiry was necessary because defendant did not bring a clear claim of ineffective assistance of counsel to the trial court's attention. We agree with defendant.

¶ 12    When a defendant brings a *pro se* posttrial claim that trial counsel was ineffective, *Krankel* requires the trial court to adequately inquire into the factual basis of the claim and, under certain circumstances, to appoint new counsel to argue the claim. *People v. Ayres*, 2017 IL 120071, ¶ 11; *People v. Remsik-Miller*, 2012 IL App (2d) 100921, ¶ 9. New counsel is not automatically appointed in every case when a defendant presents a *pro se* posttrial claim alleging ineffective assistance of counsel. *People v. Moore*, 207 Ill. 2d 68, 77 (2003). Rather, the court should first examine the factual basis of the defendant's claim. *Id.* at 77-78. If the court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court may deny the *pro se* motion. *Id.* at 78. However, if the allegations show possible neglect of the case, new counsel should be appointed. *Id.*

¶ 13    To trigger the trial court's duty to inquire, " '[a] *pro se* defendant is not required to do any more than bring his or her claim to the trial court's attention.' " *Ayres*, 2017 IL 120071, ¶ 11 (quoting *Moore*, 207 Ill. 2d at 79). "[T]hus, a defendant is not required to file a written motion [citation] but may raise the issue orally [citation] or through a letter or note to the court [citation]." *Id.* "If the court fails to conduct the necessary preliminary examination as to the factual basis of the defendant's allegations, the case must be remanded for the limited purpose of allowing the court to do so." *Remsik-Miller*, 2012 IL App (2d) 100921, ¶ 9. A trial court's alleged failure to inquire into a claim of ineffective assistance of counsel is reviewed *de novo*. *People v. Bates*, 2019 IL 124143, ¶ 14; *People v. Taylor*, 237 Ill. 2d 68, 75 (2010); *Remsik-Miller*, 2012 IL App (2d) 100921, ¶ 9.

¶ 14    Defendant contends that he made a *pro se* allegation of ineffectiveness that triggered the court's duty to inquire under *Krankel*. He claims that the allegation was brought to the trial court's attention by his statements in the PSI and by the arguments raised by counsel in his amended motion for a new trial. Defendant argues that, although he "did not expressly use the words, 'ineffective assistance of counsel,' it was implicit in his claim that trial counsel failed to call witnesses to support his defense."

¶ 15    Defendant relies on *People v. Lobdell*, 2017 IL App (3d) 150074, ¶ 15, where the defendant wrote a letter to the trial court before sentencing, raising fourth and fifth amendment claims, stating " 'why [my attorney] never mentioned this during trial I do not know, that[']s why I am mentioning it now.' " The defendant read the letter to the court at sentencing. *Id.* ¶ 16. On appeal, the Third District considered whether the trial court erred in failing to conduct a preliminary inquiry. *Id.* ¶ 34. Relying on the recently decided *Ayres* decision, the reviewing court found that, despite the defendant's failure to use the words " 'ineffective assistance of counsel,' " he "brought a clear claim asserting ineffective assistance of counsel, both in writing and orally at sentencing, and the circuit court should have conducted a preliminary *Krankel* inquiry." *Id.* ¶ 37.

¶ 16    In response, the State argues that defendant's statements did not constitute a claim of ineffective assistance of counsel because "there was no clear complaint about counsel's performance" and the statements were not brought to the court's attention. The State relies on *People v. Jindra*, 2018 IL App (2d) 160225, ¶ 10, where the defendant filed a *pro se* posttrial motion based on the nonappearance of a witness and stated as follows:

> " 'I would like the judge to reconsider this case. [T]he key witness Brissa Cuphbertson [*sic*], did not appear in court, nor was her written statement submitted to the judge. The public defender was Mr. Travis Lutz. This eye witness [*sic*] is crucial to this defense.' "

On appeal, we held that the defendant had not raised a claim of ineffective assistance of counsel sufficient to trigger a preliminary inquiry because his "statements fell short of a clear claim of ineffective assistance of counsel." *Id.* ¶ 15. We noted that the "[d]efendant never stated, orally or in writing, that counsel was ineffective" and that, although he mentioned counsel, "it was unclear that defendant, in fact, was complaining about counsel." *Id.* ¶ 16. We noted that defendant "easily could have been hoping for the trial court to reopen the proofs in order to hear the witness." *Id.* ¶ 19.

¶ 17    The statements in the present case are more like those in *Lobdell* than *Jindra*. Like the statement in *Lobdell*, the statements in the PSI attributed to defendant specifically refer to counsel's failure to do something. In *Lobdell*, it was a failure to raise certain claims; here, it is the failure to call a witness. According to the PSI, defendant stated that "he did not do what he is accused of," that "his lawyer did not have his niece *** come to court to testify on his behalf," that his niece "was taking care of [the victims]," that "he was never at his niece's house," and that the victims "told the niece that [defendant] never did anything." These statements certainly imply that counsel was ineffective for failing to call his niece, who would have testified that the victims reported to her that defendant did not commit the offense. Thus, we disagree with the State's argument that "it was unclear that defendant was complaining about counsel's performance."

¶ 18    Having concluded that the substance of defendant's statements raised a claim of ineffective assistance of counsel, the question remains whether the claim was properly presented to the trial court by defendant for purposes of *Krankel*. See *Bates*, 2019 IL 124143, ¶ 36 ("[A] claim of ineffective assistance of counsel must come from the defendant himself."). The State argues that it was not properly presented to the court, as the "statements were buried in the text of a PSI report prepared by court services, not defendant." The State's argument is not persuasive. To be sure, the PSI was prepared by court services, but the statements at issue were unquestionably those of defendant and, as noted, made a clear claim of ineffectiveness.

- 4 -

Moreover, a PSI is prepared *for the court*, and the court is required to consider it. 730 ILCS 5/5-4-1(a)(2) (West 2016). The record makes clear that the trial court read the PSI. Given that the court read the allegations of ineffectiveness, which were made by defendant to a court employee for inclusion in a report prepared specifically for the court, an inquiry under *Krankel* was warranted.

¶ 19 We emphasize that a preliminary inquiry under *Krankel* is warranted in this case because the record confirms that the trial court reviewed the PSI containing defendant's ineffectiveness claim. We do not intend to require a trial court to comb all filings for a potential claim of ineffectiveness.

¶ 20 III. CONCLUSION

¶ 21 For the reasons stated, we remand the cause for the limited purpose of allowing the trial court to inquire into the factual basis of defendant's ineffective-assistance claim. If defendant's allegations show possible neglect of the case, the court should appoint new counsel to argue defendant's claim of ineffective assistance. However, if the court concludes that defendant's claim lacks merit or pertains only to matters of trial strategy, the court may deny the claim.

¶ 22 Remanded.