2022 IL App (2d) 210509-U
No. 2-21-0509
Order filed September 27, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20 CF 440 |
| REYNALDO DELACRUZ, | ) ) ) | Honorable Alice C. Tracy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1  *Held*: (1) The trial court breached its duty to make a preliminary inquiry into *pro se* ineffectiveness claims when it failed to query defendant about the factual basis for his statement in the presentence investigation report that his attorney did not help him but, rather, made matters worse. Therefore, we remand the cause for the court to conduct a preliminary inquiry into defendant's claim. (2) Under the one-act, one-crime rule, we vacate one of defendant's convictions of driving under the influence of alcohol.

¶ 2  After a jury trial, defendant, Reynaldo Delacruz, was found guilty of aggravated driving under the influence of alcohol (DUI) (license suspended or revoked because of a prior DUI offense) (625 ILCS 5/11-501(a)(2), (d)(1)(G) (West 2020))) and aggravated DUI (no valid driver's

license (*id.* § 11-501(a)(2), (d)(1)(H))). The trial court sentenced defendant to 18 months' imprisonment. On appeal, defendant contends that (1) the cause must be remanded for a preliminary hearing under *People v. Krankel*, 102 Ill. 2d 181 (1984), on his claim that his trial counsel provided ineffective assistance; and (2) under the one-act, one-crime rule, one of his convictions must be vacated. We vacate the judgment in part and remand the cause.

¶ 3                                              I. BACKGROUND

¶ 4      On March 1, 2020, defendant was charged by information with the two foregoing counts and one count of fleeing or attempting a peace officer (625 ILCS 5/11-204(a) (West 2020)). On July 14, 2020, the State charged defendant by indictment with the same offenses. The trial court appointed a public defender to represent defendant.

¶ 5      On May 6, 2021, both parties initially stated that they were ready for trial. However, defendant's public defender attorney, Nicholas Feda, then said that defendant had just told him that he wanted to hire a private attorney. The court confirmed with defendant that he wanted to hire an attorney, but the court refused to continue the case. Feda then moved orally to continue the trial. The court denied the motion and said that the trial would proceed as scheduled on May 10, 2021.

¶ 6      On May 10, 2021, the trial court asked the parties whether they were ready for trial. Feda noted that he had filed a motion to continue. The motion stated that defendant had the right to counsel of his choice, and it requested that defendant be released on bond so that he could hire a private attorney. The court denied the motion. The next day, the jury trial was held. Defendant was convicted of the two DUI counts and acquitted of fleeing or attempting to elude a peace officer.

¶ 7      On June 2, 2021, private attorney Alush Kola filed an appearance, and the court allowed Feda to withdraw. However, when Feda noted that any posttrial motion would be due the next

week, Kola withdrew. On June 8, 2021, Feda filed a motion for a new trial. The cause was continued for the filing of an updated presentencing investigation report (PSI).

¶ 8 On August 6, 2021, the trial court denied defendant's motion for a new trial. Also that day, Kola filed an appearance and Feda withdrew. The cause was continued to August 26, 2021, for sentencing.

¶ 9 The PSI was filed on August 26, 2021. As directly pertinent here, it stated:

> "[Defendant] denied having committed the offense for which he has been convicted. When asked how he feels about what has happened, he said he feels that 'the system is really unfair.' He said that he does not feel that his public defender helped him and that he actually 'made it worse', which is why he has hired a private attorney."

¶ 10 At the sentencing hearing, the parties and the court agreed that the two convictions would merge for sentencing. After hearing arguments, the court stated that it had considered all of the trial evidence, as well as the updated PSI, and that defendant would be sentenced to 18 months in prison. Defendant timely appealed.

¶ 11                                      II. ANALYSIS

¶ 12 On appeal, defendant contends first that the trial court erred in failing to hold a preliminary *Krankel* hearing. He argues that his statement, reported in the PSI, that he believed that Feda did not help him but " 'made it worse' " was, in effect, an ineffective-assistance claim. He contends that, as the trial court had read the PSI, the claim had been brought to the court's attention and triggered a duty to inquire into the possible grounds to appoint new counsel and proceed further on his claim. The State responds that defendant did not make a sufficient ineffective-assistance allegation and, therefore, the court had no duty to inquire.

¶ 13 *Krankel* is triggered when a defendant raises a posttrial *pro se* claim of ineffective assistance of counsel. *In re Johnathan T.*, 2022 IL 127222, ¶ 24. New counsel is not automatically required. The trial court must first examine the claim's factual basis. *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003). If the court determines that the claim lacks merit or pertains only to trial strategy, then it need not appoint new counsel and may deny the defendant's request. *Id.* at 78. However, if the allegations show possible neglect of the case, new counsel should be appointed to represent the defendant at a hearing on his ineffective-assistance claims. *Id.*

¶ 14 Here, the trial court did not make a preliminary inquiry into the factual basis of defendant's alleged claim that Feda had been ineffective. As we are concerned with whether the trial court erred in failing to conduct a preliminary inquiry, our review is *de novo*. *Id.* at 75.

¶ 15 Defendant contends that his statement quoted in the PSI was a claim of ineffective assistance of counsel. He cites several opinions in support of his argument. The State contends that, under these opinions, the statement was not a sufficient claim, because (1) it expressed only general dissatisfaction with the court system and (2) defendant neither filed a motion raising his claim nor brought it to the court's attention at the sentencing hearing. To resolve this difference, we examine the pertinent case law, including some authority not cited by the parties.

¶ 16 In *People v. Remsik-Miller*, 2012 IL App (2d) 100921, the defendant was convicted of solicitation of murder for hire and sentenced to 22 years' imprisonment. *Id.* ¶ 1. She filed a *pro se* motion to reduce her sentence. At the hearing on the motion, the defendant told the trial court, " 'I want to make sure that [defense counsel] is no longer listed as my attorney. I don't believe he did represent me to the best of his fullest ability during my trial.' " *Id.* ¶ 5. The trial court responded that her claim was ' "an issue for the appellate court.' " *Id.*

¶ 17    On appeal, we held that the defendant's comment "amounted to an allegation of ineffective assistance such that it triggered the court's duty to inquire," and we remanded the cause for the trial court to conduct a preliminary inquiry under *Krankel*. *Id.* ¶ 1. We explained first that "even a bare claim of ineffectiveness warrants some degree of inquiry." *Id.* ¶ 16; see *People v. Bolton*, 382 Ill. App. 3d 714, 721 (2008) (stating, "if a defendant merely states, 'trial counsel [was] ineffective,' a court should at least ask 'how,' and give the defendant a chance to elaborate.").

¶ 18    In *People v. Ayres*, 2017 IL 120071, the defendant pleaded guilty to aggravated battery, received probation, and was later sentenced to prison after his probation was revoked. His sentencing attorney filed a motion to reconsider the sentence, and he filed a *pro se* motion with the bare allegation " 'ineffective assistance of counsel.' " *Id.* ¶ 6. The trial court held a hearing, at which it denied counsel's motion but made no mention of defendant's *pro se* motion. *Id.*

¶ 19    The supreme court held that the defendant's bare allegation of ineffective assistance was sufficient to require a preliminary inquiry under *Krankel*. Although the State pointed out that defendant neither identified which one(s) of his two trial attorneys incurred his dissatisfaction nor specified at which stage of the proceedings the alleged ineffectiveness occurred (*id.* ¶ 14), the court noted that "none of the information [was] known because the [trial] court failed to address [the] defendant's petition in any manner at all" (*id.* ¶ 15). The court also held that, contrary to the State's position, "a claim need not be supported by facts or specific examples. If that were the case, this court would not require the [trial] court to conduct an inquiry into the underlying factual basis for the claim." *Id.* ¶ 19.

¶ 20    In *People v. Craig*, 2020 IL App (2d) 170679, the defendant was convicted after a jury trial of numerous sexual offenses against his nieces and nephew. *Id.* ¶ 4. At the sentencing hearing, the court stated that it had considered the PSI, in which the defendant was quoted as saying that

his attorney had not called two potential witnesses, his niece and his mother. The PSI stated that the defendant had said that (1) his niece had been caring for the victims, (2) he was never at her house, and (3) the victims told his niece that he never did anything wrong. The trial court sentenced the defendant without mentioning this information in the PSI. *Id.* ¶ 8.

¶ 21    On appeal, the defendant contended that the trial court erred by failing to hold a preliminary *Krankel* hearing. *Id.* ¶ 11. He argued that his statements in the PSI implied a claim of ineffective assistance of counsel and that their presence in the PSI sufficed to bring the claim to the trial court's attention. *Id.* ¶ 14. We agreed and ordered a limited remand for a preliminary *Krankel* inquiry. We held first that the defendant's statements alleged ineffective assistance because they "certainly impl[ied] that counsel was ineffective for failing to call his niece," who would have provided exculpatory testimony. *Id.* ¶ 17. We held next that the PSI properly raised this claim:

"[T]he PSI was prepared by court services, but the statements at issue were unquestionably those of [the] defendant and, as noted, made a clear claim of ineffectiveness. Moreover, a PSI is prepared *for the court*, and the court is required to consider it. [Citation.] The record makes clear that the court read the PSI. Given that the court read the allegations of ineffectiveness ***, an inquiry under *Krankel* was warranted.

We emphasize that a preliminary inquiry under *Krankel* is warranted in this case because the record confirms that the trial court reviewed the PSI containing [the] defendant's ineffectiveness claim. We do not intend to require a trial court to comb all filings for a potential claim of ineffectiveness." (Emphasis in original.) *Id.* ¶¶ 18-19.

¶ 22    We next consider *Johnathan T.*, which neither party cites. There, the minor respondent was adjudicated delinquent. On appeal, he contended that the trial court had erred by failing to inquire into his *pro se* claim of ineffective assistance of counsel. *Johnathan T.*, 2022 IL 122722,

¶ 1. The appellate court rejected the contention, but the supreme court reversed the trial court and remanded the cause with directions to conduct a preliminary *Krankel* inquiry. *Id.* ¶ 57.

¶ 23 The court explained as follows. After adjudicating the minor guilty, the trial court obtained a social investigation report (SIR). According to the SIR, a sex-offender-risk evaluator asked the minor " 'What kind of a job is your lawyer doing?' " and he responded, " 'We don't talk. I'm never prepared for the stand. He does not answer calls.' " *Id.* ¶ 7. After a dispositional hearing, the trial court sentenced the minor to the Department of Juvenile Justice. ¶¶ 8-9.

¶ 24 In ordering a preliminary *Krankel* hearing, the supreme court disagreed with the State's contention that the minor's comments were a " 'general complaint' "; rather, they were "a clear claim asserting ineffectiveness of counsel." *Id.* ¶ 47. Moreover, their presence in the SIR was sufficient to bring them to the trial court's attention. Citing *Craig*, the court reasoned that the SIR served the same function as a PSI in an adult criminal case and that, because the record showed that the trial court read the report, the minor's claim required a preliminary *Krankel* hearing. *Id.* ¶¶ 50-51.

¶ 25 We now consider the State's arguments in light of the foregoing authority. First, the State asserts that defendant's statements in the PSI were "only general comments about the criminal justice system." This is simply incorrect. Defendant did comment on the "system" generally, but he also stated plainly that "he [did] not feel that his public defender helped him and that he actually 'made it worse', which is why he has hired a private attorney." Defendant asserted unambiguously that a specific individual person, defendant's trial counsel Feda, had performed poorly. Moreover, defendant's expression of his dissatisfaction with Feda is indistinguishable from the complaints by the defendants in *Remsik-Miller* and *Ayres*.

¶ 26    The State also contends that defendant's claim was insufficient because he raised it in neither a posttrial motion nor his personal appearance before the court. While the State is correct that these facts differ from those in *Ayres*, the differences are legally unimportant. In *Craig*, we held that the defendant's claim was sufficient even though it appeared in the PSI; nothing in the opinion suggests that the defendant personally brought the matter to the trial court's attention. In *Johnathan T.*, which cited *Craig* approvingly, the defendant's claim was held sufficient even though it appeared in the SIR (the equivalent of a PSI); nothing in that opinion suggests that the defendant personally brought the matter to the trial court's attention. Both opinions unmistakably imply that the claim need only be brought to the trial court's attention, and that no specific mode of communication is needed. Indeed, in both cases, the claim was admissible hearsay; the defendant did not communicate it directly to the trial court at all.

¶ 27    In sum, defendant's comments, despite their lack of specificity, raised a claim that his trial counsel was ineffective. Further, the trial court read the PSI, so the claim was brought to its attention. (Moreover, the claim was foreshadowed by defendant's repeated efforts, ultimately successful in part, to forgo representation by Feda and obtain private counsel of his own choosing.). Thus, we hold that the cause must be remanded for a preliminary *Krankel* hearing.

¶ 28    We turn to defendant's second contention on appeal: that, under the one-act, one-crime rule, one of his convictions of DUI must be vacated. Although defendant did not raise this issue in the trial court, we address it as plain error. See *People v. Artis*, 232 Ill. 2d 156, 167-68 (2009).

¶ 29    "A defendant may not be convicted of multiple offenses premised on a single act." *People v. Cook*, 2011 IL App (4th) 090875, ¶ 35. Here, defendant was convicted of two counts of DUI based on the same act of driving under the influence. Therefore, one of his convictions must be vacated. See *id.* ¶ 36. Although the State contends that defendant was sentenced for only one

conviction, "[t]he one-act, one-crime prohibits *convictions* for multiple offenses that are based on precisely the same physical act." (Emphasis added.) *People v. Smith*, 2019 IL 123901, ¶ 13. As defendant's two convictions are equally serious, we grant his request to vacate his conviction of aggravated DUI (license suspended or revoked because of a prior DUI offense). See *Cook*, 2011 IL App (4th) 090875, ¶ 36.

¶ 30                                III. CONCLUSION

¶ 31     For the reasons stated, we affirm in part and vacate in part the judgment of the circuit court of Kane County, and the cause is remanded for the limited purpose of allowing the trial court to inquire into the factual basis of defendant's ineffective-assistance claim. If the court's inquiry shows possible neglect by counsel, the court should appoint new counsel to argue defendant's ineffective-assistance claim. However, if the court concludes that defendant's claim lacks merit or pertains only to matters of trial strategy, the court may deny the claim.

¶ 32     Affirmed in part and vacated in part.

¶ 33     Cause remanded with directions.