**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220071-U

Order filed May 25, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0071<br>Circuit No. 19-CF-1512 |
| DONNA L. MESSINA, | ) ) ) | Honorable<br>Michael W. Reidy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Holdridge and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court failed to conduct a preliminary inquiry into defendant's *pro se* posttrial allegations of ineffective assistance of counsel.

¶ 2    Defendant, Donna L. Messina, appeals her conviction for aggravated driving under the influence (DUI), arguing that the Du Page County circuit court failed to conduct an adequate inquiry into her posttrial claims of ineffective assistance of counsel. We remand with instructions.

¶ 3                                I. BACKGROUND

¶ 4          Defendant was charged with two counts of aggravated DUI (625 ILCS 5/11-501(a)(2), (a)(1), (d)(1)(A), (d)(2)(B) (West 2018)). Prior to trial, the State observed that defendant had disclosed an expert witness, James Thomas O'Donnell, with his curriculum vitae, but had not disclosed the field in which O'Donnell would be qualified as an expert. The State asked for an order requiring defendant to disclose all statements, reports, notes, and memoranda of, or relied upon by O'Donnell regarding defendant, as well as direct results and data of all examinations and tests administered by or relied upon by O'Donnell. The week before trial, the State filed a motion *in limine* claiming that defendant had not asserted any affirmative defenses. Therefore, the State requested that defendant be prevented from presenting any evidence or undisclosed testimony, except for her own testimony. After argument, the court deferred ruling on the motion.

¶ 5          The case proceeded to trial before a six-person jury. Pertinent to this appeal, defendant called O'Donnell to testify on her behalf. He was qualified as an expert in toxicology, pharmacology, and nutrition. O'Donnell testified that he had reviewed the police reports, laboratory reports, defendant's medical records, and the video of the arrest; had examined defendant; and had read literature on the absorption of alcohol in the body. He stated that, through this preparation, he had learned that defendant had ulcerative colitis. The State objected. After a discussion outside the presence of the jury, the court sustained the State's objection to statements regarding yeast in the gut and the medical diagnosis that had been made by someone else because it was hearsay and because the doctor's notes and the medical evidence relied on had not been tendered to the State. The jury ultimately found defendant guilty of both counts.

¶ 6          Before sentencing, a presentence investigation report (PSI) was prepared. The PSI included a statement from defendant, which stated, in part:

"I had been seen by three different doctors to diagnose my condition because the symptoms I was having were foreign to me. I informed each of doctors of the DUI, accident, how much I had to drink, as well as the gut yeast infection that I was taking antifungal supplements to kill the yeast, along with a no carbohydrate and no sugar diet. They decided to treat me for anxiety, but the symptoms I was having are what was causing me anxiety. The medication they were prescribing only made those symptoms worse and I stopped take them. I was finally diagnosed accurately by Dr. James O'Donnell Pharm.D, M.S, FCP, ABCP, FACN, R.PH. Dr. O'Donnell diagnosed me with Auto-brewery Syndrome. Unknow to me, the type of gut yeast that I had was producing alcohol. I was completely unaware that this could happen.

Dr. O'Donnell appeared in court for my trial and had planned to testify on my behalf and discuss/explain the condition that I had, but the prosecution objected, and he was not allowed to speak of this during my trial because my lawyer did not meet the demand for disclosure that was requested. My lawyer referred to a previous case, concerning the lack of disclosure, which was from 1981, but the judge did not accept it. My lawyer, decided to move forward with my case without my doctor's testimony and did not want to have the case continued to obtain documents. Reasons for this are not known to me. I am sure that if my doctor would have been able to present his diagnosis, findings, reports from previous doctor visits, and

3

explain the condition that I had at that time, the outcome of this would have been different."

At the sentencing hearing, the State discussed the PSI and indicated that defendant was not taking responsibility for her actions, instead blaming her intoxication on her body's production of alcohol.

¶ 7 In reaching its decision, the court noted that it considered the PSI and discussed defendant's alleged auto-brewery syndrome. The court did not mention defendant's comments regarding her trial counsel. The two counts merged, and defendant was sentenced to 90 days in jail and 24 months' probation.

¶ 8                                    II. ANALYSIS

¶ 9 On appeal, defendant solely contends that the court erred by failing to conduct a preliminary inquiry into her posttrial claims of ineffective assistance of counsel as required by *People v. Krankel*, 102 Ill. 2d 181 (1984). Specifically, defendant points to her comments in the PSI mentioning trial counsel's performance.

¶ 10 The need to conduct a preliminary *Krankel* inquiry is triggered when a defendant raises a *pro se* posttrial claim of ineffective assistance of trial counsel. *People v. Ayres*, 2017 IL 120071, ¶ 11. A *pro se* defendant is not required to do anything more than bring his or her ineffective assistance of counsel claim to the circuit court's attention. *Id.* (a *pro se* defendant is not required to file a written motion but may raise the ineffective assistance claim orally or through a letter or a note to the circuit court). "[W]hen a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry." *Id.* ¶ 18. "If the court fails to conduct the necessary preliminary examination as to the factual basis of the defendant's allegations, the case must be remanded for the limited purpose of allowing the court to do so." *People v. Remsik-Miller*, 2012 IL App (2d) 100921, ¶ 9.

4

We consider *de novo* a circuit court's alleged failure to inquire into a claim of ineffective assistance of counsel. *People v. Bates*, 2019 IL 124143, ¶ 14.

¶ 11    Here, defendant's statement in the PSI clearly referred "to counsel's failure to do something." See *People v. Craig*, 2020 IL App (2d) 170679, ¶ 17. Defendant stated, "my lawyer did not meet the demand for disclosure that was requested." Further, defendant noted that, "My lawyer, decided to move forward with my case without my doctor's testimony and did not want to have the case continued to obtain documents. Reasons for this are not known to me." It is clear from these statements that defendant was complaining about counsel's performance. It was not necessary for defendant to use the specific term "ineffective assistance" in order to raise this claim. See *id.*

¶ 12    Further, defendant's claims were properly presented to the court for purposes of *Krankel*. The Second District considered this issue in *Craig* and stated:

> "To be sure, the PSI was prepared by court services, but the statements at issue were unquestionably those of defendant and, as noted, made a clear claim of ineffectiveness. Moreover, a PSI is prepared *for the court*, and the court is required to consider it. 730 ILCS 5/5-4-1(a)(2) (West 2016). The record makes clear that the trial court read the PSI. Given that the court read the allegations of ineffectiveness, which were made by defendant to a court employee for inclusion in a report prepared specifically for the court, an inquiry under *Krankel* was warranted. (Emphasis in original.)" *Id.* ¶ 18.

We adopt this reasoning. Therefore, we find that the court erred by failing to conduct a preliminary *Krankel* inquiry into defendant's claims of ineffective assistance of counsel.

¶ 13    In coming to this conclusion, we reject the State's contention that such an error was harmless as it is rebutted by the record. While the issue of O'Donnell's testimony was considered prior to and during trial, it is not clear whether the court's decision to bar the testimony was based in any way on trial counsel's failures to disclose the evidence to the State prior to trial or whether any action on the part of counsel could have cured the defects barring O'Donnell's testimony.

¶ 14    Thus, we remand the cause for the limited purpose of allowing the circuit court to inquire into the factual basis of defendant's ineffective assistance claims. If defendant's allegations show possible incompetent representation of the case, the court should appoint new counsel to argue defendant's claim of ineffective assistance. However, if the court concludes that defendant's claim lacks merit or pertains only to matters of trial strategy, the court may deny the claim.

¶ 15                                III. CONCLUSION

¶ 16    The judgment of the circuit court of Du Page County is remanded with instructions.

¶ 17    Remanded with instructions.