NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220743-U

NO. 4-22-0743

IN THE APPELLATE COURT

FILED
June 29, 2023
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff-Appellee,<br>    v.<br>DANIEL A. DEWEESE,<br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the<br>Circuit Court of<br>Woodford County<br>No. 21CF100<br><br>Honorable<br>Charles M. Feeney III,<br>Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Turner and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err when it did not conduct a preliminary *Krankel* inquiry on alleged postplea issues of ineffective assistance raised by defendant prior to sentencing.

¶ 2    In this direct appeal, defendant, Daniel A. Deweese, claims only that the trial court erred by not conducting any inquiry into his allegations of ineffective assistance of counsel. Defendant provided a written statement as part of his presentence investigation report (PSI). Included in his statement were references to trial counsel's conduct. The court acknowledged reviewing defendant's statement but proceeded to sentence defendant without further inquiry. We find no error, as defendant's statements did not constitute claims of ineffective assistance of counsel sufficient to trigger a preliminary *Krankel* inquiry. See *People v. Krankel*, 102 Ill. 2d 181 (1984).

¶ 3                              I. BACKGROUND

¶ 4        In July 2021, the State charged defendant by information with nine counts: five counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2020)), three counts of aggravated criminal sexual abuse (*id.* § 11-1.60(b)), and one count of child pornography (*id.* § 11-20.1(a)(1)(vii)). The victim was defendant's minor stepdaughter. The public defender was appointed to represent defendant. However, in October 2021, retained counsel, Douglas B. Johnson of the Johnson Law Group, LLC, filed an appearance for defendant.

¶ 5        In March 2022, Johnson advised the trial court defendant agreed to plead guilty to three counts of criminal sexual assault as part of an open plea agreement. The court admonished defendant each offense was a Class 1 felony with a potential sentencing range of 4 to 15 years' imprisonment and each sentence was required to run consecutively to the others. Defendant indicated he understood. The court admonished defendant he did not have to plead guilty and could opt for a bench trial as he had previously waived his right to a jury trial. The court explained the procedures and requirements for a bench trial. The court asked defendant if anyone had threatened, forced, coerced, or made any promises to him (other than dismissing the remaining charges) to "get [him] to plead guilty." Defendant responded: "No, sir." After considering the factual basis, the court found defendant was "aware of the nature of the charge and the sentencing range that may be imposed as to each of the charges" and that he "knowingly and voluntarily persists in his plea of guilty." The court dismissed the remaining counts and ordered a PSI.

¶ 6        In June 2022, the trial court and the parties convened for sentencing. The court noted its receipt of the PSI with an addendum (defendant's written statement). Defendant's written statement included the following: "Your Honor, I [know] that it doesn't matter now but my attorney zoomed called me and we discussed like 6 to 8 years and said he would zoom me in a week[. A] month later a different attorney showed up and said that we had to do it right now on a

plea." The State presented as its only evidence a written statement from the victim. Defendant presented no evidence and indicated he did not wish to make a statement in allocution. The court stated: "I have read his written statement" and continued with the following:

"In reading the defendant's statement[,] I will say I appreciate his apology and that he—his recognition of the harm he has done. But I am a little concerned— and I shouldn't even say a little. I am concerned with his statements that he makes regarding how he still thinks about her and he hopes that she—he questions, to put it—whether she is thinking about him. And it gives me pause. I do think the defendant has done a terrible, terrible thing, and it is deserving of a significant sentence, given the tremendous trust and responsibility that he had and how significantly he violated that."

The court made no mention of the portion of defendant's written statement quoted above. The State recommended an aggregate sentence of 39 years. Johnson recommended an aggregate sentence of 12 years. The court sentenced defendant to an aggregate sentence of 25 years.

¶ 7        This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9        Defendant contends the trial court erred by failing to conduct a *Krankel* inquiry when he had raised a postplea, presentencing allegation of ineffective assistance of counsel. We find no error because defendant's statement was not a claim of ineffective assistance and, as such, was not sufficient to trigger a *Krankel* inquiry.

¶ 10       When a defendant brings a claim of ineffective assistance of counsel to the trial court's attention, the court should first examine the factual basis of the claim to determine whether new counsel should be appointed to evaluate the claim and potentially represent defendant. *People*

*v. Moore*, 207 Ill. 2d 68, 77-78 (2003). This preliminary examination by the court is referred to as a *Krankel* inquiry. See *Krankel*, 102 Ill. 2d 181. In determining whether the court should have conducted this preliminary *Krankel* inquiry, we apply a *de novo* standard of review. *People v. Jolly*, 2014 IL 117142, ¶ 28.

¶ 11 Our supreme court has found, "when a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the circuit court's duty to conduct a preliminary *Krankel* inquiry." *In re Johnathan T.*, 2022 IL 127222, ¶ 47 (citing *People v. Jackson*, 2020 IL 124112, ¶ 96; *People v. Ayres*, 2017 IL 120071, ¶ 18). The fact defendant's alleged claim was part of the PSI makes no difference to our analysis, as the report would have been a permissible mode for bringing any complaint to the attention of the trial court. See *id.* ¶ 50 (quoting *People v. Craig*, 2020 IL App (2d) 170679, ¶ 18 (holding the defendant's statements alleging the ineffective assistance of counsel " 'buried in the text' " of a PSI, which was prepared by a court employee specifically for the court, triggered a *Krankel* inquiry)). We rely on the words and overall sentiment of defendant's writing.

¶ 12 In his letter to the judge, defendant acknowledged his actions, apologized, and expressed remorse for his conduct. He accepted full responsibility but requested leniency in sentencing due to certain mitigating circumstances, such as his failing health, his duty of caring for his elderly mother, and his lack of criminal history. He also seemed to suggest the victim, if given the opportunity, would ask for leniency for him as well. The portion of his statement upon which he relies in this appeal states (1) he and his attorney "discussed like 6 to 8 years," (2) his attorney told him he would contact him "in a week," yet (3) "a month later a different attorney showed up," and (4) "said that we had to do it right now on a plea." In our view, these statements do not rise to the level of allegations warranting further inquiry.

¶ 13          First, contrary to defendant's argument, it does not appear, nor can it be reasonably implied, his attorney erroneously advised him the sentencing range was six to eight years. The trial court had already admonished defendant the sentencing range for each offense was 4 to 15 years. In fact, defendant acknowledges the minimum consecutive sentence in his letter when he wrote, "I feel even 12 years is the rest of my life." Rather, it seems more reasonable to infer counsel had told defendant he believed defendant would receive a sentence of approximately six to eight years per offense. Because this letter was written prior to sentencing, defendant had no way of knowing whether counsel's estimate was accurate and, accordingly, he would not have been complaining about counsel's opinion versus his actual sentence. As far as defendant knew at the time he wrote the letter, his attorney's estimate was not wrong or misleading. Thus, we do not interpret the phrase as a claim of ineffective assistance.

¶ 14          Second, counsel's failure to contact defendant in a week, as he had represented, does not constitute substandard performance. It does not appear from the record or from defendant's letter defendant suffered prejudice by any perceived delay in communicating with counsel.

¶ 15          Third, the fact a "different attorney showed up" to meet with defendant does not, under these circumstances, reflect any substandard performance. It was likely another attorney from the same law firm covered for Johnson. In fact, another attorney from the same firm appeared with defendant at a brief pretrial hearing in March 2022. However, at every substantial stage of the proceedings, Johnson appeared personally with defendant. Here too, defendant's statement regarding a meeting with a "different attorney" would not trigger a *Krankel* inquiry.

¶ 16          Finally, defendant argues his statement this "different attorney" "said that we had to do it right now on a plea" implied this attorney failed to inform him of his right to plead not

guilty, pressured him into a plea, or failed to advise defendant pleading guilty was his choice alone. We disagree. Given defendant had assured the trial court no one had threatened, forced, coerced, or made any promises to him to "get [him] to plead guilty," the court would not have interpreted this statement as one complaining about counsel's conduct. Rather, it is likely this attorney expressed to defendant the importance of timeliness when responding to an offer by the State or when negotiating a plea deal. The court was not remiss in failing to interpret this phrase as a complaint regarding counsel's performance.

¶ 17          Based upon our *de novo* review, we conclude the statements in defendant's handwritten letter did not constitute claims of ineffective assistance of counsel nor could they reasonably be interpreted as such. Again, defendant asserts the trial court erred when, after acknowledging defendant's handwritten statement, it made no inquiry into his claims of possible negligence by counsel in his case. We find no inquiry was made because defendant's statements did not constitute complaints regarding counsel's representation or "a clear claim asserting ineffective assistance of counsel" to trigger such an inquiry. See *Ayres*, 2017 IL 120071, ¶ 18 ( "[W]hen a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry.").

¶ 18                              III. CONCLUSION

¶ 19          For the reasons stated, we affirm the trial court's judgment.

¶ 20          Affirmed.