NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240194-U

NO. 4-24-0194

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 23, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JAKI BELL, | ) | No. 23CF33 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Mary E. Koll, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Grischow concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court remanded for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel.

¶ 2     Following a jury trial, defendant, Jaki Bell, was found guilty of aggravated battery and sentenced to seven years in prison. Defendant appeals, arguing this court should remand for the trial court to conduct an inquiry into his *pro se* posttrial claim of ineffective assistance of counsel. For the reasons that follow, we agree and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4     In February 2023, the State charged defendant by indictment with aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2020)). The indictment alleged, on May 23, 2020, defendant struck Levi Foster with an unknown liquid, knowing Foster was a correctional officer

carrying out his duties. Following the return of the indictment, defendant was appointed counsel.

¶ 5        In October 2023, the trial court conducted a jury trial. The State presented testimony from Foster, a former correctional officer, and Lucas Nall, a current correctional officer, both of whom defendant's counsel cross-examined. The State also presented surveillance footage from Pontiac Correctional Center. Defendant did not present any evidence. Following arguments, the jury found defendant guilty of the charged offense.

¶ 6        In January 2024, the trial court conducted a sentencing hearing. The court received a presentence investigation report (PSI), which it reviewed. The PSI includes the following statements as to the offense committed:

> "When prompted to explain the offense for this report, Mr. Bell wrote 'I was accused of assaulting a correction officer being in a mental health setting on psych. Medication'. He also noted that 'C/O Foster tried *** to give me a tray with no food in it.' He also commented 'I feel like my attorney didn't really question the witness or attach the evidence I was a swap!'. When asked about the victim he wrote 'The dude is a crank. I have a history for assaulting people in his background and he punched me in my face and he's a li[a]r.' "

The court also received, amongst several other defense exhibits, a one-page handwritten letter from defendant, which it reviewed. The handwritten letter includes the following statement: "I never assaulted (Levi Foster) and the reason for my actions is because he tryed [*sic*] not to feed me and my attorney didn't use the witness that I submitted or the discovery that was submitted." After considering the information and recommendations before it, the court sentenced defendant to seven years in prison.

¶ 7        This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9            On appeal, defendant argues this court should remand for the trial court to conduct an inquiry into his *pro se* posttrial claim of ineffective assistance of counsel. Specifically, defendant asserts the court was required to conduct such an inquiry based upon his reported statement about counsel's performance in the PSI, which it failed to do.

¶ 10           The State, in response, argues this court should affirm the trial court's judgment. Specifically, the State asserts defendant's reported statement about his counsel's performance in the PSI was insufficient to trigger an inquiry where it did "not make it clear that defense counsel did not do something they were supposed to do." The State alternatively asserts the failure to conduct an inquiry was harmless given defendant's claim of ineffective assistance is meritless.

¶ 11           Pursuant to *People v. Krankel*, 102 Ill. 2d 181, 189, 464 N.E.2d 1045, 1049 (1984), and its progeny, when a defendant presents a trial court with a *pro se* posttrial claim of ineffective assistance of counsel, the court must conduct an inquiry into the factual basis of the defendant's claim to determine whether new counsel should be appointed to assist the defendant. See *People v. Johnson*, 159 Ill. 2d 97, 126, 636 N.E.2d 485, 498 (1994); *People v. Moore*, 207 Ill. 2d 68, 77-78, 797 N.E.2d 631, 637 (2003). In conducting the inquiry, the court may (1) ask defense counsel to "answer questions and explain the facts and circumstances" relating to the claim, (2) briefly discuss the claim with the defendant, or (3) evaluate the claim based on "its knowledge of defense counsel's performance at trial," as well as "the insufficiency of the defendant's allegations on their face." *Moore*, 207 Ill. 2d at 78-79. Where the inquiry discloses a "possible neglect of the case," the court should appoint new counsel to independently investigate and represent the defendant at a separate hearing. *Id.* at 78. If, on the other hand, the claim "lacks merit

or pertains only to matters of trial strategy," the court may deny the claim without appointing new counsel. *Id.* at 78.

¶ 12 In this case, the trial court did not conduct an inquiry pursuant to *Krankel* and its progeny. Therefore, the only question for this court, a question of law subject to *de novo* review, is whether defendant's reported statement about his counsel's performance in the PSI was sufficient to trigger the court's duty to conduct such an inquiry. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 36, 100 N.E.3d 177.

¶ 13 To trigger a trial court's duty to conduct an inquiry pursuant to *Krankel* and its progeny, "a *pro se* defendant is not required to do any more than bring his or her claim [of ineffective assistance] to the trial court's attention." *Moore*, 207 Ill. 2d at 79. An inquiry is required only where it is "clear" the defendant is claiming ineffective assistance. *People v. Ayres*, 2017 IL 120071, ¶ 18, 88 N.E.3d 732. The defendant need not, however, use the phrase "ineffective assistance" to trigger the court's duty. *People v. Clifton*, 2019 IL App (1st) 151967, ¶ 90, 144 N.E.3d 508; *People v. Lobdell*, 2017 IL App (3d) 150074, ¶ 37, 83 N.E.3d 502. Though, a defendant "must at least mention his attorney." *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 31, 93 N.E.3d 664; see *People v. Taylor*, 237 Ill. 2d 68, 77, 927 N.E.2d 1172, 1177 (2010) (determining a defendant's "rambling" statement did not require an inquiry where the statement was "amenable to more than one interpretation" and did not mention the defendant's attorney).

¶ 14 Here, there is no dispute defendant's reported statement about his counsel's performance in the PSI was brought to the trial court's attention; the court indicated it reviewed the PSI. See *People v. Craig*, 2020 IL App (2d) 170679, ¶ 18, 148 N.E.3d 216 (finding statements attributed to a defendant in a PSI triggered the need for an inquiry where the record indicated the trial court read the PSI); *In re Johnathan T.*, 2022 IL 127222, ¶¶ 50-51, 193 N.E.3d 1240

(embracing *Craig*'s holding and applying it to statements made in materials prepared for a dispositional hearing in a juvenile delinquency case). Instead, the dispute concerns whether defendant's reported statement about his counsel's performance in the PSI demonstrated he was asserting a clear claim of ineffective assistance of counsel.

¶ 15 According to the PSI, defendant, when prompted to explain the offense committed, stated, " 'I feel like my attorney didn't really question the witness or attach the evidence I was a swap!' " While defendant did not use the phrase "ineffective assistance," his statement clearly conveys complaints about his trial counsel's performance. *C.f. People v. Jindra*, 2018 IL App (2d) 160225, ¶ 16, 127 N.E.3d 101 (finding it was "unclear that defendant, in fact, was complaining about counsel"). Specifically, the statement conveys defendant's belief that his counsel did not (1) sufficiently question a witness or (2) present necessary evidence. These complaints, we find, demonstrate defendant was asserting a clear claim of ineffective assistance of counsel. See *Johnathan T.*, 2022 IL 127222, ¶ 54 (finding the juvenile was entitled to an inquiry where he "clearly stated that his attorney was not doing something that he should have been doing"). Therefore, we agree with defendant that, based upon his reported statement about counsel's performance in the PSI, the trial court was required to conduct an inquiry pursuant to *Krankel* and its progeny, which it failed to do.

¶ 16 The State asserts this court may nevertheless affirm the trial court's judgment because the failure to conduct the requisite inquiry was harmless given defendant's claim of ineffective assistance is meritless. Assuming, *arguendo*, we could apply a harmless-error analysis, we cannot find the error to be harmless in this case, as the factual basis for defendant's claim is not sufficiently developed. Specifically, it is unclear (1) why defendant believed a witness should

have been subjected to further examination and (2) what evidence defendant believed should have been presented. Without more, we cannot adequately evaluate defendant's claim.

¶ 17 Therefore, in accordance with *Krankel* and its progeny, we find it necessary to remand for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel. Although not addressed by defendant or the State, the court, in conducting its inquiry on remand, should also ask about defendant's complaints from his handwritten letter that his "attorney didn't use the witness that I submitted or the discovery that was submitted."

¶ 18                                III. CONCLUSION

¶ 19 For the reasons stated, we remand for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel.

¶ 20 Remanded with directions.