NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 210301-U

NO. 4-21-0301

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 22, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| LAMONT D. WRIGHT, | ) | No. 18CF1124 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Phoebe S. Bowers, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Turner and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Appellate court remanded for a preliminary *Krankel* hearing on alleged issues of
ineffective assistance raised by the defendant during sentencing.

¶ 2    In August 2018, the State charged defendant, Lamont D. Wright, in part with two

counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2018)) in connection with the

sexual assault and beating of his girlfriend, A.K. During trial, defense counsel, Lars Dunn,

advised the trial court that, after discussing the matter with defendant, Dunn planned to address

defendant's criminal history during his testimony. When defendant testified, he misstated the

dates of his offenses. By agreement of the parties to correct the misstatement, the court later read

the actual dates to the jury. Also, during trial, the State presented the domestic battery charges as

a single offense, and a single verdict form was submitted to the jury. During sentencing,

defendant made claims of ineffective assistance of counsel during his statement in allocution.

After defendant's statement, the court did not inquire further with either defendant or Dunn about the claims.

¶ 3        The jury found defendant guilty of multiple offenses, including domestic battery. The trial court sentenced defendant on both charges. Defendant appeals, arguing (1) Dunn rendered ineffective assistance of counsel by failing to move to suppress evidence of defendant's prior convictions and eliciting testimony about them during defendant's testimony; (2) the court erred in entering two separate convictions for domestic battery in violation of the one-act, one-crime doctrine because the State mischaracterized the law and asked the jury to decide only one charge; and (3) the court erred by failing to conduct a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984), when defendant raised posttrial allegations of ineffective assistance of counsel.

¶ 4        We remand for a preliminary *Krankel* hearing on defendant's claims of ineffective assistance of counsel. Because we remand for a preliminary *Krankel* hearing, we decline to address defendant's remaining argument on appeal.

¶ 5                                I. BACKGROUND

¶ 6        On August 8, 2018, the State charged defendant with the two counts of domestic battery that are the subject of this appeal. The State also charged defendant in part with two counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(2) (West 2018)), two counts of aggravated domestic battery (*id.* § 12-3.3(a), (a-5)), one count of aggravated battery (*id.* § 12-3.05(f)(1)), alleging defendant made physical contact of an insulting or provoking nature by use of a deadly weapon when he held scissors to A.K.'s chin, and one count of resisting a peace officer (*id.* § 31-1(a)). The domestic battery charges both alleged that defendant, on or about August 2, 2018, having been previously convicted of a domestic battery, struck, grabbed,

pushed, and pulled A.K. One count alleged defendant caused bodily injury, and the other count alleged he made physical contact of an insulting or provoking nature. The trial court appointed the public defender to represent defendant.

¶ 7    On August 9, 2019, defendant filed a *pro se* "motion to relieve counsel," alleging Dunn was providing inadequate representation and requesting appointment of new counsel. On September 20, 2019, at the pretrial conference, Dunn advised the trial court he was ready to proceed. The court asked defendant if he wanted to address his motion. Defendant told the court the following:

> "[M]y attorney has been inadequate and ineffective in his assistance of counseling because he has been ignoring valuable evidence that is pertinent to my innocence. I asked multiple times to view my police report and wasn't able to until a month ago, which I've been here fourteen months.
>
> I talked with another inmate, Gary Boyle, who was also a client of Mr. Dunn, and he informed to me that Mr. Dunn has disclosed relevant information about my court case to him, which violates the attorney/client privilege.
>
> And after speaking with Officer J. Ross, Badge Number 653, he informed to me that Mr. Dunn had not been truthful about the reporting of my stolen car.
>
> Furthermore, Mr. Dunn said that he and his investigator were having trouble contacting the alleged victim, [A.K.], and Mr. Dunn asked me to try to get in contact with her without getting caught. I believe Mr. Lars Dunn was intentionally trying to sabotage my case because now the prosecutor has filed a motion for discovery investigating the matter of me trying to make contact with the alleged victim.

Mr. Dunn and I are having irreconcilable differences any time we have a meeting, and we continue to argue about whether Mr. Lars Dunn has my life and my best interest at heart. He has informed to me that this is his trial, and I argue that this is my life in jeopardy. We have failed to come to a consensus on the direction of my case, so I pray that this Court allows my motion for ineffective assistance of counseling."

¶ 8     The trial court told defendant his allegations of ineffective assistance would not be addressed until after trial. Defendant also expressed concern he was unprepared for trial and told the court Dunn had not gone over his testimony at all. Dunn told the court "[w]e have prepared *ad nauseum*." Defendant disagreed, and the court stated trial was going to start as scheduled.

¶ 9     On September 23, 2019, a jury trial was held before a new judge. A full recitation of the evidence is unnecessary for the determination of this appeal. Generally, the State presented evidence that, on August 2, 2018, A.K. was engaged to defendant and lived with him, her two children from a previous relationship, and defendant's daughter from a previous relationship. A.K. testified that, on the night of August 2, 2018, defendant questioned her about a man she previously worked with and accused her of being unfaithful. A.K. testified that, when she denied any involvement with the other man, defendant repeatedly punched her, strangled her, pushed her down, and threw water on her face. She testified that, later, defendant held scissors under her chin and threatened her. Defendant then sexually assaulted her both anally and orally. When defendant went to sleep, A.K. left with her children and went to the police station. Subsequently, she went to a hospital, where she was treated for a broken finger and a sexual assault kit was performed. Exhibits were introduced into evidence showing A.K. had bruising. She also had

- 4 -

swelling around one of her fingers. DNA evidence from the sexual assault kit was connected to defendant. When defendant was arrested, he was agitated and repeatedly hit his head on the police car door and against a concrete wall.

¶ 10    Defendant testified and denied that he beat A.K. or sexually assaulted her. Dunn also questioned defendant about his previous convictions.

¶ 11    After defendant's testimony, the State told the trial court defendant misstated the dates of his convictions and asked that certified copies of the convictions be admitted. The State noted the convictions were five, six, and nine years ago, but defendant characterized them as all being seven or eight years ago. Dunn stated he had no objection to the court reading the exact dates of the convictions to the jury. The State agreed that would be sufficient, and the court clarified the information for the jury.

¶ 12    Dunn did not offer any instructions at the jury instruction conference or object to any of the State's proposed instructions. The State offered an instruction stating, "[a] person commits the offense of Domestic Battery when he knowingly and by any means causes bodily harm to or makes physical contact of an insulting or provoking nature with any family or household member." Another offered instruction provided in part, "[t]o sustain the charge of Domestic Battery, the State must prove the following propositions: First Proposition: That the defendant knowingly caused bodily harm to or made physical contact of an insulting or provoking nature with A.K." Then, the State provided a single set of guilty and not guilty verdict forms for a single charge of domestic battery, which the trial court accepted.

¶ 13    During closing arguments, the State told the jury defendant was "charged with two counts of aggravated criminal sexual assault, two counts of aggravated domestic battery, one count of aggravated battery, one count of domestic battery, and one count of resisting a peace

- 5 -

officer." Later, the State argued to the jury that it proved that defendant both caused bodily injury to A.K. and made contact of an insulting or provoking nature. The trial court instructed the jury using the instructions offered by the State.

¶ 14        The jury found defendant not guilty of one count of aggravated criminal sexual assault, the count of aggravated battery involving use of the scissors, and resisting a peace officer. The jury found him guilty of the remainder of the charges. The trial court entered judgments of conviction that included convictions of *both* counts of domestic battery. Dunn did not object.

¶ 15        On October 11, 2019, Dunn filed a motion for a new trial, alleging (1) the evidence was insufficient to prove defendant guilty beyond a reasonable doubt, (2) the trial court erred in overruling objections to cumulative evidence concerning the repeated presentation of pictures of A.K., and (3) the court erred in sustaining the State's hearsay objection. The court denied the motion and conducted the sentencing hearing.

¶ 16        During his statement in allocution, defendant told the trial court about his pretrial motion to relieve counsel and specifically used the term "ineffective counsel" when describing the motion. Defendant claimed a fellow inmate, who was also Dunn's client, had informed him that Dunn had disclosed privileged information about the case. Defendant further stated he had irreconcilable differences with Dunn. Defendant asserted there were matters omitted from the trial that would have helped him, such as a lie by A.K. that his car had been turned over to their landlord to pay rent, when it had actually been towed. Further, defendant alleged this discrepancy could have been established through police testimony. Moreover, defendant questioned the adequacy of Dunn's cross-examination of A.K. on the issue of consensual sex and that this may have accounted for the DNA evidence. In addition, defendant noted Dunn had not

moved to strike a juror who had conversed with a witness, and defendant expressed concern about Dunn's failure to ensure that more men were on the jury. Finally, defendant maintained he was forced to go through trial with counsel who he believed was unprepared.

¶ 17    The trial court did not acknowledge, respond, or make any reference to defendant's assertions of ineffective assistance of counsel or ask defendant or Dunn any questions about the allegations. Instead, the court took a recess and sentenced defendant when it returned.

¶ 18    The trial court noted that multiple aggravating factors were present. In particular, the court found defendant caused serious harm to A.K. and had a violent criminal history. The court found defendant was likely to repeat his crimes. The court referenced the aggravated criminal sexual assault and aggravated domestic battery convictions involving a broken finger and strangling as examples. The court then sentenced defendant to 15 years' incarceration for aggravated sexual assault and a mandatory consecutive term of 7 years' incarceration for one of the aggravated domestic battery convictions. The court sentenced defendant to concurrent terms of seven years' incarceration for the other aggravated domestic battery conviction and concurrent three-year terms for each domestic battery conviction.

¶ 19    Defendant orally requested that a notice of appeal be filed. A notice was not filed, and, on April 30, 2020, defendant filed a *pro se* "motion for appeal in the appellate courts," alleging ineffective assistance of counsel. The Office of the State Appellate Defender was appointed and filed a motion for a supervisory order asking the Illinois Supreme Court to treat the document filed on April 30, 2020, as a properly perfected appeal. That motion was granted, and this appeal followed.

¶ 20                    II. ANALYSIS

¶ 21    Defendant contends (1) Dunn rendered ineffective assistance of counsel by failing to move to suppress evidence of defendant's prior convictions; (2) the trial court erred in entering two separate convictions for domestic battery in violation of the one-act, one crime rule because the State mischaracterized the law and asked the jury to decide only one charge; and (3) the court erred by failing to conduct a *Krankel* hearing when defendant raised posttrial allegations of ineffective assistance of counsel. We agree with defendant's third contention and find that remand for a preliminary *Krankel* hearing is necessary.

¶ 22    When a defendant raises a *pro se* posttrial claim of ineffective assistance of trial counsel, Illinois courts follow the procedure as it has evolved from *Krankel*. *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732. "The trial court must conduct an adequate inquiry into allegations of ineffective assistance of counsel, that is, inquiry sufficient to determine the factual basis of the claim." *People v. Banks*, 237 Ill. 2d 154, 213, 934 N.E.2d 435, 468 (2010). "[A] trial court's method of inquiry at a [preliminary] *Krankel* hearing is somewhat flexible." *People v. Flemming*, 2015 IL App (1st) 111925-B, ¶ 85, 31 N.E.3d 935. Ordinarily, an adequate inquiry may include "(1) questioning the trial counsel, (2) questioning the defendant, [or] (3) relying on [the court's] own knowledge of the trial counsel's performance in the trial." *People v. Peacock*, 359 Ill. App. 3d 326, 339, 833 N.E.2d 396, 407 (2005).

¶ 23    "If the court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion." *People v. Roddis*, 2020 IL 124352, ¶ 35, 161 N.E.3d 173. "However, if the allegations show possible neglect of the case, new counsel should be appointed." *Id.* We review *de novo* whether the trial court properly conducted a preliminary *Krankel* inquiry. *People v. Jolly*, 2014 IL 117142, ¶ 28, 25 N.E.3d 1127.

¶ 24　　　　Here, defendant clearly raised multiple issues of ineffective assistance of counsel during his statement in allocution. Defendant told the trial court about his pretrial motion to relieve counsel and specifically used the term "ineffective counsel" when describing the motion. In addition, defendant then stated a fellow inmate, who was also Dunn's client, had informed him that Dunn had disclosed privileged information about the case. Also, defendant raised issues concerning Dunn's decision to not challenge portions of testimony and questioned the adequacy of his cross-examination of witnesses. Furthermore, he noted Dunn had not moved to strike a juror who had conversed with a witness and expressed concern about Dunn's failure to ensure that more men were on the jury. Finally, defendant stated he was forced to go through trial with counsel who he believed was unprepared. However, despite clearly stating claims of ineffective assistance, the court not only failed to make an adequate inquiry, it failed to conduct any inquiry at all to determine the factual basis of the claims. That failure was error under *Krankel*.

¶ 25　　　　The State does not dispute that defendant raised claims of ineffective assistance of counsel. Instead, the State argues defendant's allegations were untimely when he made them during his statement in allocution without filing a new written motion or providing support for the allegations. However, the State misstates the law. A *pro se* defendant is not required to do anything specific other than bring his or her claim to the trial court's attention. *Peacock*, 359 Ill. App. 3d at 340. A defendant is entitled to a *Krankel* inquiry when he or she makes an explicit or clear complaint, either orally or in writing, of trial counsel's ineffective assistance. *Ayres*, 2017 IL 120071, ¶ 18. Further, even a bare assertion of "ineffective assistance of counsel" is sufficient to trigger a *Krankel* inquiry. See *id.* ¶¶ 9, 18. The claim need not be supported by facts or specific examples because, if the rule were otherwise, the supreme court would not require the trial court to conduct an inquiry into the underlying factual basis for the claim. See *id.* ¶ 19.

¶ 26       The timing of the assertion of the posttrial claim is also not determinative. See *People v. Vargas*, 409 Ill. App. 3d 790, 800-02, 949 N.E.2d 238, 248-49 (2011) (finding a *Krankel* inquiry was required where, during allocution, the defendant spoke extensively to the trial court about alleged instances of ineffective assistance of his trial counsel); *People v. Pence*, 387 Ill. App. 3d 989, 995, 902 N.E.2d 164, 170 (2009) (holding the trial court should have conducted a *Krankel* inquiry when defendant stated in allocution defense counsel did not thoroughly represent him, omitted issues of facts, and denied the trial court the full picture of what happened). Without a preliminary inquiry into the factual bases of defendant's claims, the question remains unanswered as to whether defendant has raised meritorious issues. Accordingly, we remand for the trial court to conduct a preliminary *Krankel* inquiry into defendant's claims.

¶ 27       Because we conclude a *Krankel* inquiry is required, we need not consider defendant's other arguments on appeal at this time. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37, 100 N.E.3d 177 ("Depending on the result of the *** *Krankel* inquiry, defendant's other claims may become moot."). While we remand for further proceedings on defendant's *pro se* claim of ineffective assistance of counsel, we retain jurisdiction over defendant's remaining claims. *People v. Wilson*, 2019 IL App (4th) 180214, ¶ 26, 137 N.E.3d 868. If "defendant is not satisfied with the outcome of the proceedings on remand, he may again appeal and raise any supplementary claims relating to the remand proceedings, and the State may have an opportunity to respond to those claims." *Id.*

¶ 28                               III. CONCLUSION

¶ 29　　　　　For the reasons stated, we remand with directions for the trial court to conduct a preliminary *Krankel* hearing on the alleged issues of ineffective assistance of counsel that defendant raised during sentencing.

¶ 30　　　　　Remanded with directions.